# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## Case No. 2:24-cv-00478-NBF

## In re: U LOCK INC., Debtor

---

SHANNI SNYDER,
Appellant,

v.

CHRISTINE BIROS,
Appellee.

---

## SUPPLEMENTAL APPENDIX OF APPELLE CHRISTINE BIROS

---

On Appeal from the February 29, 2024 Order of the United States Bankruptcy Court for the Western District of Pennsylvania, the Hon. Gregory L. Taddonio, Chief United States Bankruptcy Judge, sustaining the objection of Christine Biros and disallowing the claim of Shanni Snyder at Case No. 22-20823-GLT

---

Stuart C. Gaul, Jr., Esq.
Pa. I.D. No. 74529

BERNSTEIN-BURKLEY, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
(412) 456-8100  Telephone
(412) 456-8135  Facsimile

## TABLE OF CONTENTS

Non-Jury Trial Opinion and Order of Court from Westmoreland County Action No. 4886 of 2017…………………................................ B1

#1 Complaint for Violation of Fair Labor Standards filed in W.D. Pa. Case No. 2:21-cv-904……………………………………….. B9

Transcript for Default Judgment Hearing before W.D. Pa. Case No. 2:21-cv-00904………………………………………………….. B18

Praecipe for Writ of Summons in Equity and Assumpsit and For Lis Pendens in Westmoreland County Action No. 928 of 2022……………………………………………………………………….. B27

#7 Amended Involuntary Petition Bankr. W.D. Pa. Case No. 22-20823-GLT………………………………………………………….. B29

Order Denying Petition to Strike in Westmoreland County Action No. 4886 of 2017………………………………………….. B33

Shanni Snyder Entry of Appearance in Westmoreland County Action No. 17 CJ 04886…………………………………………….. B35

Shanni Snyder Notice of Appeal in Westmoreland County Action No. 17 CJ 04886…………………………………………….. B36

U Lock Inc's Notice of Bankruptcy in Westmoreland County Action No. 17 CJ 04886…………………………………………….. B49

Pages from 341 (a) Transcript Bankr. W.D. Pa. Case No. 22-20823-GLT………………………………………………………….. B53

Cont 341 Transcript Bankr. W.D. Pa. Case No. 22-20823-GLT…. B71

Declaration of George Snyder Bankr. W.D. Pa. Case No. 22-20823-GLT………………………………………………………….. B77

Supreme Court Pennsylvania Docket No. 259 WAL 2021
Allocatur Docket Sheet……………………………………………… B79

Supreme Court of Pennsylvania Docket No. 1841 WDA 2019
Appeal Docket Sheet……………………………………………… B82

Shanni Snyder's Responses and Objections to the First Set of
Requests for Admission, Interrogatories and Requests for
Production of Documents in Bankr. W.D. Pa. Case No. 22-
20823-GLT………………………………………………………… B89

Letter from David L. Fuchs, Esq. in Response to Letter
dated June 15, 2023, Regarding Various Discovery Responses
Bankr. W.D. Pa. Case No. 22-20823-GLT………………………….. B107

Letter from David L. Fuchs, Esq. with Shanni Snyder's
Supplemental Discovery Responses Bankr. W.D. Pa. Case No.
22-20823-GLT……………………………………………………… B110

Shanni Snyder's Supplemental Responses and Objections to
Interrogatories and Requests for Production of Documents
Bankr. W.D. Pa. Case No. 22-20823-GLT………………………….. B114

**EXHIBIT**
**6**

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| CHRISTINE BIROS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4886 of 2017 |
| | ) |
| U LOCK, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NON-JURY TRIAL OPINION AND ORDER OF COURT**

BY THE COURT:

The Court held a non-jury trial on the record with regard to this action on April 29, 2019

pursuant to the April 3, 2019 Order of Court designating the matter for a one day non-jury trial.

The case and concerns the conveyance of a property located at 14140 Route 30, North Huntingdon,

Westmoreland County, Pennsylvania, with a County Tax Map Number of 54-03-10-0-103 ("the

Subject Property").  The initial complaint named Denise Schur as Executrix of the Estate of Alex

Schur, Henry L. Moore and Susan Stano as Co-Executors of the Estate of Nicholas Schur, Kathleen

S. Walter as Executrix of the Estate of Michael Schur, and Cynthia Sarris as Administrator of the

Estate of Ann Sarris as Defendants, as these named estates together were the full owners of the

Subject Property.  The Estate Defendants were released from the case upon their motion at the

commencement of trial in this matter, upon assurance that the Estates would issue corrective deeds

to the prevailing party in this matter, and noting that the Estates had no further interest in the

litigation.  Upon conclusion of trial, proposed findings of fact, conclusions of law and orders of

court, along with accompanying briefs were ordered by this Court, and the same have been duly

considered in rendering the within opinion.

1

BIROS_000191
B1

## *FACTS*

An agreement for sale of the Subject Property was entered into by the Defendant Estates and Defendant U Lock, and the same was executed by Defendant U Lock on November 25, 2014 and the Defendant Estates on December 22, 2014. (Exhibit "A"). On July 16, 2015, the Subject Property was conveyed to Defendant U Lock. (Transcript of Trial p 18). Four checks were issued by Plaintiff Christine Biros to the former Defendant Estates in full compensation for their respective ownership interests in the Subject Property. (T.T. p. 19, 23, Exhibit "P1"). A handwritten agreement dated July 16, 2015 and signed by Kash Snyder as Director of U Lock, Inc. sets out in brief the terms of a loan agreement wherein Plaintiff Christine Biros lent the full sum of $325,316.00 to Defendant U Lock for the purchase of the Subject Property. (Exhibit "P5").

U Lock attempted to file Articles of Incorporation on July 15, 2015, but the application was returned by the Commonwealth of Pennsylvania Department of State by letter dated July 17, 2015 for insufficiency. (Exhibit "P2"). The letter indicating the applications rejection provided that the original date of incorporation could be retained, provided that a corrected application was provided to the Department of State within thirty days. (Exhibit "P2"). U Lock's Articles of Incorporation were filed on September 4, 2015 with the Commonwealth of Pennsylvania Department of State. (Exhibit "P3"). No evidence of existent corporate by-laws or minutes was submitted by U Lock, and U Lock admits that the subject property has been and remains uninsured. (T.T. p. 53-54). No tax returns have been filed relative to the property since July 2015. (T.T. p. 69). Corrective deeds naming the now-existent U Lock, Inc. as purchaser of the Subject Property were filed with the Westmoreland County Recorder of Deeds on March 1, 2018. (Exhibits "C," "D," "E," and "F").

It is undisputed that U Lock has remained in possession of the Subject Property exclusively since the transfer on July 16, 2015. Plaintiff has never received any reimbursement from U Lock or on behalf of U Lock, and this is admitted by defendant U Lock. (T.T. p. 32, 66). Defendant U

BIROS_000192

B2

Lock has since July 16, 2015 received and continues to receive income via the commercial operation of the Subject Property.  (T.T. p. 61).

### *DISCUSSION AND ANALYSIS*

COUNT I – DECLARATORY JUDGMENT

Count I of Plaintiff's Complaint requests a declaratory judgment declaring that: (1) the deeds entered into on July 16, 2015 are *void ab initio*; (2) the Defendant Estates remain the owners of the property in fee simple; (3) Christine Biros delivered the purchase price for the property on the date of payment; (4) the Defendant Estates have received full consideration for title to the property; and (5) that Plaintiff Christine Biros is the equitable owner of the property.  At the outset, the Court notes that the Defendant Estates have stipulated to the fact that they have received full consideration for title to the property.  The Defendant Estates have agreed to execute deeds in favor of the prevailing party to this suit, and so the Estates have been dismissed from the within action.

As to the question of the July 16, 2015 deeds alleged *void ab initio* status, Plaintiff claims that because the deeds were delivered to "U Lock, Inc.," and U Lock, Inc. was not incorporated until September 4, 2015, the deeds are void from their inception.  Defendant U Lock argues that U Lock, Inc. was operating as a *de facto* corporation at the time of the deed execution, and so the deeds were valid.

It is settled law in Pennsylvania that "[a] deed that purports to convey real estate to a nonexistent corporation has no effect." *Borough of Elizabeth v. Aim Sher Corp.*, 462 A.2d 811, 812 (Pa. Super. 1983) (citations omitted).  "Upon the filing of the articles of incorporation in the Department of State or upon the effective date specified in the articles of incorporation, whichever is later, the corporate existence shall begin." 15 Pa. C.S. § 1309.  In certain situations, a corporation may be considered to exist *de facto* despite the failure of the required process where "…after the approval of the articles or application for a charter or issuance of letters patent but without the

BIROS_000193

B3

actual recording of the original papers with the endorsements thereon, or a certified copy thereof, in the office of any recorder of deeds…" the attempted corporation conducts business such as the transfer of property. 15 Pa. C.S. § 504. Pennsylvania common law additionally provides a framework under which a *de facto* corporation may exist: "[f]irst, there must be a law or charter under which an organization might be effected. Second, there must be an attempt to organize which falls so far short of the requirements of the law or charter as to be ineffectual. Third, there must be an assumption and exercise of corporate powers, notwithstanding the failure to comply with the law or charter." *Appeal of Riviera Country Club*, 176 A.2d 704, 706 (Pa. Super. 1961).

It is clear that U Lock, Inc. did not come into being until September 4, 2015. This is over seven weeks after the date of payment and conveyance of the property, being July 16, 2015. It is notable that the letter rejecting U Lock's incorporation application provided a method of retaining the original date of incorporation, yet U Lock did not comply with this option. 15 Pa. C.S. § 504 allows that a *de facto* corporation may exist "after the approval of the articles or application for a charter or issuance of letters patent…" This is plainly not the case here, as the application was not approved until September 4, 2015.

Looking to the common law requirements, it is obvious that a law exists under which U Lock may — and eventually did — incorporate. Turning next to the "attempt to organize," comparing the requirements of various cases is illustrative, and demonstrates that this attempt is generally categorized as, at a minimum, the issuance of a corporate charter or other approval by the state. See e.g., *Cochran v. Arnold,* 58 Pa. 399 (Pa. 1868); *Spahr v. Farmer's Bank, Carlisle*, 94 Pa. 429 (Pa. 1880); *Pinkerton v. Pennsylvania Traction Co.,* 44 A. 284, 285 (Pa. 1899); *Schmitt v. Potter Title & Trust Co.*, 61 Pa. Super. 301 (Pa. Super. 1915); *In re Mt. Sharon Cemetery,* 120 A. 700, 701 (Pa. 1923); *Appeal of Riviera Country Club*, 176 A.2d 704, 707 (Pa. Super. 1961). Here, there was no approval or issuance of any state approval until September 4, 2015. U Lock

4

BIROS_000194

B4

additionally did not avail itself of the Department of State's offer to retain its original July filing date, falling short of any alleged attempt to incorporate prior to September 4, 2015.

Based on the above reasoning, Defendant U Lock, Inc. was neither a *de facto* nor a *de jure* corporation at the time of the issuance of the original deeds, and so the original deeds are *void ab initio*. As conceded by Defendants Estates at the commencement of trial, the Defendants Estates have been fully compensated for the purchase price of the property by Plaintiff Biros. Plaintiff Biros' equitable ownership of the property will be discussed below.

COUNT II – EQUITABLE ACTION TO COMPEL CONVEYANCE OF TITLE

Count II of Plaintiff's Complaint requests relief in equity conveying title to the property to Plaintiff, Christine Biros. Plaintiff's proposed Conclusions of Law make clear that Plaintiff is proceeding under a theory that U Lock has held the property in a constructive trust for Plaintiff Biros. "The theory underlying the constructive trust doctrine is that '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' equity converts him into a trustee.' Courts will impose a constructive trust only where the defendant has acquired the property at issue as a result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F. Supp. 2d 178, 182 (E.D. Pa. 2003) (citation omitted).

Even accounting for the *void ab initio* status of the original deeds, the corrective deeds, filed March 1, 2018, show legal title in the Subject Property belonging to U Lock, Inc. Certainly, U Lock has had full possession and control of the property since July 16, 2015, and has collected rents from tenants since that time. It is undisputed by U Lock that Christine Biros paid the full purchase price of the property to the Defendant Estates, and that U Lock has not repaid any of the purchase price to Plaintiff Biros. As such, the present case is ripe for the imposition of a constructive trust,

BIROS_000195

B5

where it is clear that it would be wholly inequitable for Defendant U Lock to retain the beneficial interest of the property. It is clear that U Lock would be unjustly enriched in maintaining the benefits of the property, which, in addition to the mere ownership of the property itself, also consist of the accumulation of rent via tenants utilizing storage on the property.

As such, the Court finds that equity demands the imposition of a constructive trust in this situation. In its Findings of Fact and Conclusions of Law, Defendant U Lock maintains that the Plaintiff failed to pursue remedies at law, such as a claim for breach of contract, and so relief in equity is unwarranted. Pennsylvania law provides, however, that "a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 12–13 (Pa. Super. 2016) (citation omitted).

Here, the Court notes the unique nature of real property in establishing Plaintiff Biros' right to relief in equity, which provides not only the instant unique piece of real property, but the additional tenant rents which have been collected by U Lock since July 2015 and which will continue to accumulate into the future. Additionally, the Court notes that the record reflects doubt as to U Lock's solvency and ability to repay Plaintiff Biros the purchase price of over $300,000.00 now or at any point subsequent. As such, the only equitable solution is the imposition of a constructive trust, and the present conveyance of the Subject Property to Plaintiff Christine Biros.

COUNT III – QUIET TITLE

Plaintiff Biros' Count III requests judgment in quiet title. As title to the subject property has been equitably awarded to Plaintiff Biros pursuant to Count II of this action, any claim in quiet title is moot, and so must be dismissed.

BIROS_000196

B6

COUNT IV – ACCOUNTING

Plaintiff Biros' Count IV requests an accounting of all sums collected by U Lock from

tenants of the subject property since July 16, 2015.  To establish a right to an accounting a plaintiff

must show the following:

> (1) there was a valid contract, express or implied, between the parties
> whereby the defendant (a) received monies as agent, trustee or in any
> other capacity whereby the relationship created by the contract imposed a
> legal obligation upon the defendant to account to the plaintiff for the
> monies received by the defendant, or (b) if the relationship created by the
> contract between the plaintiff and defendant created a legal duty upon the
> defendant to account and the defendant failed to account and the plaintiff
> is unable, by reason of the defendant's failure to account, to state the exact
> amount due him, and (2) that the defendant breached or was in dereliction
> of his duty under the contract.

*Haft v. U.S. Steel Corp.*, 499 A.2d 676, 678 (Pa. Super. 1985).  Here, as the action is based solely in

equity and no contract action has been maintained, an accounting is inappropriate.  Plaintiff's Count

IV must therefore be dismissed.


Based upon the foregoing reasoning, this Court enters the following Order of Court:

BIROS_000197

B7

## ORDER OF COURT

AND NOW, to wit, this 22nd day of August, 2019, consistent with the analysis contained in the foregoing Opinion; it is hereby ORDERED, ADJUDGED and DECREED, as follows:

1. As to the Plaintiff's Complaint, a verdict is hereby ENTERED in favor of Plaintiff Christine Biros and against Defendant U Lock, Inc. on Counts I and II.

2. Count III of Plaintiff's Complaint is hereby DISMISSED as moot.

3. Count IV of Plaintiff's Complaint is hereby DISMISSED.

4. Any and all deeds executed by any one or all Defendant Estates purporting to convey title to Defendant U Lock, Inc. on July 16, 2015 are *void ab initio* and of no further force and effect.

5. Defendant Estates have received full consideration for title to the Subject Property.

6. Plaintiff Christine Biros is the equitable owner of the Subject Property.

7. Legal title to the Subject Property shall be conveyed to Christine Biros by execution of the appropriate deeds, currently held in escrow.

8. The Court will consider Plaintiff Biros' request for an appeal bond should an appeal be taken by Defendant U Lock.

9. Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the Prothonotary is DIRECTED to note in the docket that the individuals listed below have been given notice of this Order.

BY THE COURT:

Harry F. Smail, Jr., Judge

ATTEST:

Prothonotary

cc:     William E. Otto, Esq.
        J. Allen Roth, Esq.
        John Tumolo, Esq.
        Dennis Del Cotto, Esq.

8

BIROS_000198

B8

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

Pittsburgh Division

<table>
<tr><td>SHANNI SNYDER<br><br>_____<br><i>Plaintiff(s)</i><br><i>(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)</i><br><br>–v–<br><br>U LOCK INC. a/k/a U-LOCK INC.<br><br>_____<br><i>Defendant(s)</i><br><i>(Write the full name of each defendant who is being sued.  If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.)</i></td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td>Case No.   <u>2:21-cv-904</u><br><i>(to be filled in by the Clerk's Office)</i><br><br>Jury Trial:  <i>(check one)</i>  ☑Yes  ☐No</td>
</tr>
</table>

## COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Shanni Snyder |
| Street Address | 14390 Route 30 |
| City and County | North Huntingdon, Westmoreland County |
| State and Zip Code | PA  15642 |
| Telephone Number | |
| E-mail Address | shannis@pm.me |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | U LOCK INC. a/k/a U-LOCK INC. |
| Job or Title *(if known)* | |
| Street Address | 14140 ROUTE 30 |
| City and County | NORTH HUNTINGDON, WESTMORELAND COUNTY |
| State and Zip Code | PA  15642 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

BIROS_000200

B10

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

**C.** **Place of Employment**

The address at which I am employed or was employed by the defendant(s) is

| | |
|---|---|
| Name | U LOCK INC a/k/a U-LOCK INC. |
| Street Address | 14140 ROUTE 30 |
| City and County | NORTH HUNTINGDON, WESTMORELAND COUNTY |
| State and Zip Code | PA   15642 |
| Telephone Number | |

**II.** **Basis for Jurisdiction**

This action is brought pursuant to *(check all that apply)*:

- [✓] Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209.
- [ ] Relevant state law
- [ ] Relevant city or county law

**III.** **Statement of Claim**

State as briefly as possible the facts of your case.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Nature of employer's business:

Storage facility

B. Dates of employment:

Monitor video surveillance remotely.

C. Employee's job title and a description of the kind of work done:

Monitor of video

D. Rate, method, and frequency of wage payment:

BIROS_000201

B11

$7.25/hour to be paid monthly.  However, employer asked that it be deferred until a mortgage could be obtained on their property.

E.        Number of hours actually worked each week in which a violation is claimed:

70 hours per week from January 1, 2016, through February 15, 2020.  Specifically, Plaintiff monitored video surveillance and cameras from 5 p.m. until 3 a.m. each day.

F.        Description of the alleged violation(s) *(check all that apply)*:

☑        Failure to pay the minimum wage *(explain)*

Defendant promised to pay minimum wage, but did not pay.  Instead it continually asked that it be deferred until it could receive a mortgage on its property.

☑        Failure to pay required overtime *(explain)*
Defendant did not pay overtime wages

☐        Other violation(s) *(explain)*

G.        Date(s) of the alleged violation(s):
From January 1, 2016, through February 15, 2020.

H.        Additional facts:
1.  Defendant acted willfully in that it knew it did not pay the wage, but made representations to expand the time upon which Plaintiff would expect to be paid.

2.  Defendant tolled any statute of limitations by continually promising that payment would be forthcoming after it was able to obtain a mortgage on its property.  The representations were made continually up to and through May 2021.

IV.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff demands judgment in the amount of $131,351  ($108,079 in hourly wage and $23,272 overtime), prejudgment interest, post-judgment interest, costs, fees, and attorney fees if Plaintiff retains legal counsel.

V.   **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.      **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          07/14/2021

Signature of Plaintiff          /s/ Shanni Snyder

Printed Name of Plaintiff          /s/ Shanni Snyder

B.      **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

BIROS_000203

B13

Name of Law Firm        _____

Street Address          _____

State and Zip Code      _____

Telephone Number        _____

E-mail Address          _____

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SHANNI SNYDER

**(b)** County of Residence of First Listed Plaintiff   Westmoreland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

14390 Route 30
North Huntingdon PA 15642

## DEFENDANTS

U LOCK INC a/k/a U-LOCK INC.

County of Residence of First Listed Defendant   Westmoreland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

14140 Route 30
North Huntingdon PA 15642

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [ ] 2  U.S. Government
  Defendant
- [x] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product |   Product Liability | |   28 USC 157 |   3729(a)) |
| [ ] 140 Negotiable Instrument |   Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & |   Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|   & Enforcement of Judgment |   Slander |   Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' |   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |   Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|   Student Loans | [ ] 340 Marine |   Injury Product | |   New Drug Application | [ ] 470 Racketeer Influenced and |
|   (Excludes Veterans) | [ ] 345 Marine Product |   Liability | | [ ] 840 Trademark |   Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |   Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|   of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [x] 710 Fair Labor Standards |   Act of 2016 |   (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending |   Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |   Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** |   Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal |   Property Damage |   Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |   Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - |   Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |   Exchange |
| |   Medical Malpractice | |   Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee |   Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff |   Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ |   Sentence | |   or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |   Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** |   26 USC 7609 |   Act/Review or Appeal of |
| |   Employment | **Other:** | [ ] 462 Naturalization Application | |   Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| |   Other | [ ] 550 Civil Rights |   Actions | |   State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | |   Conditions of | | | |
| | |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original
  Proceeding
- [ ] 2  Removed from
  State Court
- [ ] 3  Remanded from
  Appellate Court
- [ ] 4  Reinstated or
  Reopened
- [ ] 5  Transferred from
  Another District
  *(specify)*
- [ ] 6  Multidistrict
  Litigation -
  Transfer
- [ ] 8  Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $
131351.00

CHECK YES only if demanded in complaint:

JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____    DOCKET NUMBER _____

DATE
7/14/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Shanni Snyder

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

BTROS_000205

B15

JS 44A REVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the ( ◯ Erie    ◯ Johnstown    ⦿ Pittsburgh) calendar.

**1. ERIE CALENDAR -** If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

**2. JOHNSTOWN CALENDAR -** If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

**3.** Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in_____ County and that the _____resides in_____County.

**4.** Complete if on **JOHNSTOWN CALENDAR**:  I certify that the cause of action arose in _____County and that the_____resides in _____County.

**PART B** (You are to check ONE of the following)

**1.** ◯ This case is related to Number_____    . Short Caption_____._____

**2.** ⦿ This case is not related to a pending or terminated case.

DEFINlTIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related. HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Select the applicable category).

1. ◯ Antitrust and Securities Act Cases
2. ⦿ Labor-Management Relations
3. ◯ Habeas corpus
4. ◯ Civil Rights
5. ◯ Patent, Copyright, and Trademark
6. ◯ Eminent  Domain
7. ◯ All  other federal question cases
8. ◯ All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious prosecution, and false arrest
9. ◯ Insurance indemnity, contract and other diversity cases.
10. ◯ Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),   HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

/s/ Shanni Snyder (pro se)

Date: 7/14/2021                    _____

ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH ÔŜÞRU MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

BIROS_000206

B16

Case 2:23-cv-00388-JLT-CKD Document 34-8 Filed 04/09/24 Page 9 of 9
Case 2:23-cv-00388-JLT-CKD Document 64 Filed 06/04/24 Page 35 of 52   Desc
Exhibit 7   Page 9 of 9

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

BIROS_000207

B17

IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA

> **EXHIBIT**
> **8**

SHANNI SNYDER,                          CIVIL DIVISION

      Plaintiff,                         No. 21-00904

        vs.

U LOCK, INC.,

      Defendant.

_____

Transcript of DEFAULT JUDGMENT HEARING held on
OCTOBER 18, 2021
United States District Court, Pittsburgh, Pennsylvania
BEFORE:  HONORABLE ROBERT J. COLVILLE, DISTRICT JUDGE

<u>APPEARANCES</u>:

For the Plaintiff:          Shanni Snyder, Pro Se
                            14390 Rout 30
                            North Huntingdon, PA 15642

Court Reporter:             Karen M. Earley, RDR-CRR
                            Joseph F. Weis, Jr.
                            U.S. Courthouse
                            6260 U.S. Courthouse
                            700 Grant Street
                            Pittsburgh, PA 15219
                            412-201-2660

Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

BIROS_000208

B18

```
 1                    P R O C E E D I N G S
 2    (October 18, 2021, 1:15 p.m.)
 3             THE COURT:  Good afternoon, everybody.
 4             This is the time and place for a hearing on
 5    plaintiff's motion for default judgment in the matter
 6    captioned Snyder versus U Lock, Inc. at Civil Action
 7    No. 2:21-cv-904.
 8             By way of brief applicable background, I'll
 9    recount the procedural background of the case.
10             Plaintiff commenced this action by filing a
11    complaint on July 14, 2021, wherein plaintiff sought
12    relief against the defendant pursuant to the Fair Labor
13    Standards Act because of defendant's alleged failure to
14    pay plaintiff's requisite minimal wage and the
15    defendant's alleged failure to pay overtime.
16             On August 17, 2021, the plaintiff filed a
17    proof of service indicating that the defendant was
18    served with a summons and the complaint in accordance
19    with FRCP 4(h).  Specifically, the proof of service
20    indicates that George Snyder, who stated he was
21    authorized to accept service on behalf of the defendant,
22    was served as the person charged in the defendant's
23    business establishment on July 15 of 2021.
24             Under FRCP 12(a), an answer to the complaint
25    was due on August 5, 2021.  No answer to the complaint
```

1  has been filed to date.

2          On August 21, 2021, plaintiff filed a request

3  to enter default against the defendant.  The Court

4  entered default against the defendant on August 24,

5  2021.

6          On September 15 of 2021, the plaintiff filed a

7  motion for default judgment.  The motion also included a

8  certificate of service indicating that a copy of the

9  motion was sent to defendant.

10          On September 27, 2021, the Court scheduled

11  today's hearing, and a copy of that order was also

12  mailed to the defendant at the address set forth in

13  plaintiff's filings.

14          At the outset of the hearing, I indicated this

15  was the time and place for the hearing.  Strictly

16  speaking, however, this hearing began ten minutes after

17  the scheduled time for the hearing, so we have now

18  proceeded precipitously.

19          Defendant hasn't -- no one is present except

20  for the plaintiff herself.  No one else has appeared.

21          Would you just please identify yourself.

22          MS. SNYDER:  Yes.  Shanni Snyder.

23          THE COURT:  Thank you.

24          And there is no one else here, and the record

25  reflects that no representative from the defendant is in

BIROS_000210

1    the courtroom today.  I also note that the notice of

2    this hearing appeared in both the Court's calendar, on

3    the Court's website, as well as on the paper form that

4    is posted in the hallways of the courthouse.

5              The defendant has not filed anything of record

6    or appeared in this case in any manner.

7              Under Rule of Civil Procedure 55, after a

8    party asks the Court to enter a default judgment, the

9    Court may conduct a hearing to determine whether it

10   needs to conduct an accounting, determine the amount of

11   damages, establish the truth of any allegation by

12   evidence, or investigating any other matter.

13             Because the default has been entered against

14   the defendant, the well-pled facts alleged in the

15   complaint, except as relating to damages, must be taken

16   as true.

17             Ms. Snyder, because you are proceeding pro se,

18   that is without benefit of counsel, because I'll ask you

19   a question in a moment respecting the allegations in

20   your complaint, I'm going to ask my law clerk to

21   administer the oath and swear you in.

22             THE DEPUTY CLERK:  Please stand and raise your

23   hand.

24             SHANNI SNYDER, the plaintiff herein,

25   having been duly sworn, testified as follows:

1              THE COURT:  Ms. Snyder, again, I am noting I

2    reviewed your motion and the entire record of this case,

3    particularly your complaint in detail.

4              Now that you have been sworn, I will ask you,

5    are each of the allegations set forth in your complaint

6    to your knowledge true and factual?

7              MS. SNYDER:  Yes, they are.

8              THE COURT:  Thank you.

9              With respect to the presentation of your

10   motion, do you care to provide whatever brief factual

11   background and argument you believe is necessary, as

12   well as any other documentary evidence or testimony that

13   you intend to introduce?  What I'm asking, is there

14   anything you intend to offer with respect to your motion

15   today?

16             MS. SNYDER:  Anything outside of that or would

17   you like me to go to the background?  You said you knew

18   it, but --

19             THE COURT:  Well, I don't need you to identify

20   what I just went through.

21             MS. SNYDER:  Okay.  I worked for U Lock and I

22   calculated the 70 hours a week, 30 being overtime at

23   minimum wage.  That is how I came up with my figure.

24             THE COURT:  Okay.  And you have no witnesses

25   and no other documentary evidence that has not been

BIROS_000212

B22

1   presented to the Court, no witnesses that may testify?

2                MS. SNYDER:  Correct.

3                THE COURT:  Ms. Snyder, having reviewed your

4   motion for default judgment, as well as the entire

5   record in this matter, and upon consideration of your

6   presentation here today and all the evidence that has

7   been submitted here today, I find default judgment is

8   appropriate for the following reasons:

9                No. 1, the Court has original subject matter

10  jurisdiction over the plaintiff's FLSA claims pursuant

11  to 28 United States Code Section 1331.  The Court has

12  general personal jurisdiction over the defendant, which

13  is a Pennsylvania corporation.

14               The plaintiff's complaint states claims for

15  violations of Sections 206 and 207 of the Fair Labor

16  Standards Act against the defendant arising out of the

17  defendant's failure to pay minimum wage and overtime

18  compensation for the following reasons:

19               No. 1, the complaint claims that the plaintiff

20  worked 70 hours per week as a monitor of a video for the

21  defendant at a storage facility that employed plaintiff

22  from January 1, 2016 to February 15 of 2020.

23               Specifically, the plaintiff monitored video

24  surveillance and cameras from five p.m. until three a.m.

25  each day.  The plaintiff was supposed to be paid 7.25

```
 1    per hour on wages on a monthly basis but was not at any

 2    point paid any wages from January 1, 2016 through

 3    February 15 of 2020 by the defendant who continually

 4    asked that the payment be deferred until the defendant

 5    could receive a mortgage on his property.

 6              The Chamberlain factors also support the entry

 7    of a default judgment.

 8              No. 1, the plaintiff will suffer prejudice if

 9    the default is denied because the defendant has not

10    participated in this action and the plaintiff will have

11    no reasonable recourse to mitigate the claims proper

12    through the court.

13              Further, the defendant does not appear to have

14    a defense because the defendant has not appeared in this

15    case and has not asserted any defense to the claims

16    asserted against it.

17              Finally, the defendant's failure to

18    participate in this action creates a presumption of

19    culpability.

20              For these reasons, the plaintiff's motion for

21    default will be granted, and the default judgment will

22    be entered against the defendant.

23              Turning to damages, we are going to enter an

24    order entering default judgment in plaintiff's favor and

25    against the defendant in the amount of $131,351,
```

BIROS_000214
B24

 1   plaintiff's requested unpaid minimum wage and overtime

 2   damages.

 3          Although the plaintiff has not explicitly

 4   requested the same, I'm going to further order an

 5   additional amount of $131,304 in liquidated damages,

 6   which the employee is entitled to unless the employer

 7   shows its actions were in good faith and it had

 8   reasonable grounds for believing that its act or

 9   omission was not a violation of the FLSA.

10          Because plaintiff cannot recover both

11   prejudgment interest and liquidated damages, however,

12   I will deny plaintiff's request for prejudgment

13   interest.

14          At the end of the day, it turns out better for

15   you than otherwise.  Now, collecting this is a whole

16   other matter.  That is the right way to do it, as it

17   turns out, to your modest benefit.

18          My order will further provide for an award of

19   post-judgment interest and cost in the amount of $402,

20   accounting for plaintiff's payment of the requisite

21   filing fee.

22          Unless there are any other matters pending

23   before me, I intend to adjourn.

24          Anything else, ma'am?

25          MS. SNYDER:  No.  Thank you.

BIROS_000215

B25

```
 1              THE COURT:  Ma'am, thank you for your
 2   patience.
 3              (Whereupon, the above hearing was concluded at
 4   1:20 p.m.)
 5                        -  -  -
 6
 7              I hereby certify by my original signature
 8   herein, that the foregoing is a correct transcript, to
 9   the best of my ability, from the record of proceedings
10   in the above-entitled matter.
11
12
13                    S/ Karen M. Earley
14                      Karen M. Earley
15                      Certified Realtime Reporter
16
17
18
19
20
21
22
23
24
25
```

BIROS_000216

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

WESTMORELAND _____ **County**

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

| Commencement of Action: | | **EXHIBIT 9** |
|---|---|---|
| ☐ Complaint ☒ Writ of Summons ☐ Petition | | |
| ☐ Transfer from Another Jurisdiction ☐ Declaration of Taking | | |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| SHANNI SNYDER | U LOCK INC a/k/a U-LOCK INC |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?* ☐ Yes ☒ No | Is this an *MDJ Appeal?* ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: _____

☒ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☒ Quiet Title
- ☒ Other:
  Foreclosure, equity

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

BIROS_000217

Updated 1/1/2011

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
### CIVIL ACTION

| | |
|---|---|
| SHANNI SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| U LOCK INC. a/k/a U-LOCK INC., | ) |
| CHRISTINE BIROS, BIROS | ) |
| IRREVOCABLE LIFE INSURANCE TRUST, | ) |
| DENISE SCHUR executrix of the ESTATE | ) |
| OF ALEX SCHUR, HENRY L. MOORE and | ) |
| SUSAN STANO co-executors of the ESTATE | ) |
| OF NICHOLAS SCHUR, KATHLEEN S. | ) |
| WALTER executor of the ESTATE OF | ) |
| MICHAEL SCHUR, CYNTHIA SARRIS | ) |
| Administrator of the ESTATE OF ANN | ) |
| SARRIS, FRANK SCHIEFER, in his official | ) |
| capacity as WESTMORELAND COUNTY | ) |
| RECORDER OF DEEDS for injunctive and | ) |
| declaratory relief, and HARRY J. SMAIL | ) |
| JR., pursuant to 42 USC 1983, in his official | ) |
| capacity for declaratory relief, | ) |
| JOSH SHAPIRO, ATTORNEY GENERAL | ) |
| FOR THE COMMONWEALTH OF | ) |
| PENNSYLVANIA, for declaratory relief, | ) |
| | ) |
| Defendants. | ) RE: TAX MAP 54-03-10-0-103 |

928 of 2022

## PRAECIPE FOR WRIT OF SUMMONS IN EQUITY AND ASSUMPSIT AND FOR LIS PENDENS

To the Prothonotary:

Please issue a Writ of Summons in Equity and Assumpsit and issue a *Lis Pendens* on property located at 14140 Route 30, North Huntingdon, Pennsylvania 15642, Tax Map No. 54-03-10-0-103.[1]

Respectfully submitted,

Shanni Snyder
14390 Route 30
North Huntingdon PA 15642

---

[1] Note that defendant Harry J. Smail Jr. is sued strictly under 42 USC 1983 for declaratory judgment. Defendants FRANK SCHIEFER, in his official capacity as WESTMORELAND COUNTY RECORDER OF DEEDS for injunctive and declaratory relief, and JOSH SHAPIRO, ATTORNEY GENERAL FOR THE COMMONWEALTH OF PENNSYLVANIA is sued strictly for declaratory relief.

BIROS_000218

B28

**RECEIVED**

MAY 0 9 2022

CLERK, U.S. BANKRUPTCY COURT
WEST DIST OF PENNSYLANIA

| EXHIBIT |
| :---: |
| **10** |

**Fill in this information to identify the case:**

United States Bankruptcy Court  for the:

WESTERN ___ District of ___ PENNSYLVANIA
_____(State)

Case number (If known): 22-20822  0 ___ Chapter ___ 7

22-20823
(AKE)

☒ Check if this is an amended filing

Amending Involuntary Petition placed in court mailbox on 4/25/2022.

Official Form 205

~~Amended~~

12/15

# Involuntary Petition Against a Non-Individual

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

| 1. Chapter of the Bankruptcy Code | Check one:<br><br>☒ Chapter 7<br><br>☐ Chapter 11 | **1a. Debtor has fewer than 12 eligible claim holders.**<br><br>**1b. Statement per W.Pa.LBR 1003-1:** Petitioning Creditor declares under the penalty for perjury that she does not know the precise share structure, identity of the Board of Directors, or the official officers of the Debtor. Based on information, there are between three and five officers and/or Board Members. Two managing control persons appear to be George Snyder and Kash Snyder. There also appears to be closely affiliated control creditors, but the total number of creditors are less than 12. _____ |

## Part 2: Identify the Debtor

| 2. Debtor's name | U LOCK INC |
| --- | --- |

| 3. Other names you know the debtor has used in the last 8 years<br><br>Include any assumed names, trade names, or *doing business as* names. | U-LOCK INC.<br><br>_____<br>_____<br>_____ |
| --- | --- |

| 4. Debtor's federal Employer Identification Number (EIN) | ☐ Unknown<br><br>4  7 - 4  9  9  4  9  1  1<br>EIN |
| --- | --- |

| 5. Debtor's address | **Principal place of business**<br><br>14140  U.S. Route 30<br>Number          Street<br><br><br>N Huntingdon          PA    15642<br>City                      State    ZIP Code<br><br><br>Westmoreland<br>County | **Mailing address, if different**<br><br>_____<br>Number          Street<br><br>_____<br>P.O. Box<br><br>_____<br>City          State    ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number          Street<br><br>_____<br>City          State    ZIP Code |
| --- | --- |

BIROS_000219
B29

22 20822
22-20823

| Debtor | U LOCK INC a/k/a U-LOCK INC. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**6. Debtor's website (URL)** _____

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the types of business listed.

☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No

☐ Yes. Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
MM / DD / YYYY

Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
MM / DD / YYYY

---

**Part 3:** Report About the Case

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☒ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

BIROS_000220
B30

22 20822

22 - 20823

| Debtor | U LOCK INC. a/k/a U-Lock Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Shanni Snyder | unpaid wages + liq damage | $ 262,000 |
| | retaliation under FLSA | $ 100,000 |
| | interest | $ 13,100 |
| Single creditor case. | | $ |
| | Total of petitioners' claims | $ 375,100 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

**Part 4:  Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**

**Attorneys**

**Name and mailing address of petitioner**

Shanni Snyder
Name

14140 US Route 30
Number    Street

| North Huntingdon | PA | 15642 |
|---|---|---|
| City | State | ZIP Code |

Printed name

Firm name, if any

Number    Street

City          State          ZIP Code

**Name and mailing address of petitioner's representative, if any**

Name

Number    Street

City          State          ZIP Code

Contact phone _____  Email _____

Bar number _____

State _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 05/03/2022
MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

✗ _____
Signature of attorney

Date signed _____
MM / DD / YYYY

BIROS_000221
B31

MAY 0 9 2022

POSTAGE REQUIRED



usps.com
$8.95
US POSTAGE
Flat Rate Env
05/03/2022

9405 5036 9930 0239 3978 71 0089 5000 0011 5219

U.S. POSTAGE PAID

Mailed from 15642

**PRIORITY MAIL 1-DAY™**

Expected Delivery Date: 05/04/22

0023

C094

S. S. S.
14390 ROUTE 30
N HUNTINGDON PA 15642-1050

SHIP   CLERK US BANKRUPTCY COURT
TO:   U.S. BANKRUPTCY COURT, 5414 U.S. STEEL TOWER,
600 GRANT ST
5414 US STEEL TOWER
**PITTSBURGH PA 15219-2702**

USPS TRACKING #

9405 5036 9930 0239 3978 71

**UNITED STATES**
**POSTAL SERVICE®**

**PRIORITY®**
**MAIL**
**RECEIVED**

MAY 0 9 2022

CLERK, U.S. BANKRUPTCY COURT
WEST DIST OF PENNSYLVANIA

CLEARED X-RAY SCREENING

d delivery date specified for domestic use.

mestic shipments include up to $50 of insurance (restrictions apply).*

acking® included for domestic and many international destinations.

ed internationally, a customs declaration form is required.

es not cover certain items. For details regarding claims exclusions see the
l Manual at *http://pe.usps.com*.

tional Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**RATE ENVELOPE**

E ■ ANY WEIGHT

CKED ■ INSURED

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service™ and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.

B32

EXHIBIT
**11**

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
## CIVIL ACTION LAW

CHRISTINE BIROS )
    Plaintiff )
)
**vs** )          **No. 4886 of 2017**
)
DENISE SCHUR, Executrix of the ESTATE )
OF ALEX SCHUR, HENRY L. MOORE )
and SUSAN STANO, Co-Executors of the )
ESTATE OF NICHOLAS SCHUR, )
KATHLEEN S. WALTER, Executor of the )
ESTATE OF MICHAEL SCHUR, )
CYNTHIA SARRIS, Administrator of the )
ESTATE OF ANN SARRIS and U LOCK INC., )
a Pennsylvania corporation, )
    Defendants )

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 13 AM 11:47

## ORDER

**AND NOW**, this ___ day of March, 2022, upon consideration of the motion for miscellaneous relief, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Order dated January 20, 2022, and entered January 24, 2022, is STRICKEN as VOID AB INITIO pursuant to Rule 1701, Pennsylvania Rule of Appellate Procedure. After the record is remitted, this Court will hold a hearing and determine whether the deeds should be issued or whether a judicial deed from U Lock to Plaintiff must be created.

2. The Prothonotary is directed to CORRECT the docket sheet and remove the notation of Rule 236 compliance as no party served notice on U Lock of the Order.

3. The Prothonotary is directed to COMPLY with Rule 236 by providing a copy of the Order to J. Allen Roth, Esq. and NOTATING the date of Rule 236 compliance.

*[handwritten: 13th of May, 2022]*

*[handwritten across document: Denied W/ Prejudice]*

BIROS_000223

B33

4. U Lock Inc. may file a Notice of Appeal *nunc pro tunc* challenging the Order of January 20, 2022, entered January 24, 2022, within fifteen (15) days of this Order.

5. This Court and Plaintiff will file all correspondence, if any, of the events and communications that resulted in the January 20, 2022, Order within ten (10) days.

6. Plaintiff shall not attempt any form of *ex parte* communication with this Court and sufficient notice shall be given to all parties in compliance with the rules prior to any communication, motion, or request for judicial intervention.

*Denied W/Prejudice*

By the Court:

_____
Judge, Court of Common Pleas

ATTEST:
**GINA O'BARTO**
**PROTHONOTARY**

BIROS_000224

B34

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND
## COUNTY, PENNSYLVANIA
### CIVIL ACTION – CIVIL

Christine Biros

EXHIBIT
12

Plaintiff,

Versus

Case No. 17 CJ 04886

U Lock Inc.

Defendant

Shanni Snyder non party appellant

## ENTRY OF APPEARANCE PURSUANT TO PA.R.C.P. 1930.8

I, Shanni Snyder, hereby enter my appearance on behalf of (plaintiff) (defendant) and
(please circle one)

direct that pursuant To PA. R.C.P. No.: 1930.8, I may be contacted at:

14390 US Rt 30
Number, Street, and Apartment Number (if any)

N. Huntingdon, PA 15642
City, State, Zip Code

(412) 758 1371 ov
Daytime Phone

(310) 498 5587
~~Facsimile Number (optional)~~

E-mail Address (optional)

I understand that I must supply a copy of this Entry of Appearance to all other parties or
attorneys. I further understand that I must contact the Court should any of the above
information change.

Signature

Date 5/19/22

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 19 A 10:07
GINA O'BARTO
TIME IN

BIROS_000225

B35

EXHIBIT
**13**

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,

        Plaintiff,

vs.

U LOCK INC.,

        Defendant,

SHANNI SNYDER,

        Non-party    Appellant.

Case No. 17 CJ 04886

**NOTICE OF APPEAL**

Filed on behalf of:

Shanni Snyder, non-party
Appellant.

Counsel of record for this party:

Shanni Snyder
14390 Route 30
North Huntingdon PA  15642
(412) 206-6850
shannis@pm.me

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 19 A 10: 07
GINA O'BARTO
TIME IN

BIROS_000226

B36

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

CHRISTINE BIROS,                                    Case No. 17 CJ 04886

       Plaintiff,

  vs.

U LOCK INC.,

   Debtor in Bankruptcy,

SHANNI SNYDER,

    Non-party   Appellant.

<h3 align="center"><u>NOTICE OF APPEAL</u></h3>

Notice is hereby give that non-party Shanni Snyder, an individual who is judgment

creditor at case 21-JU-04758 of debtor in bankruptcy and defendant U Lock Inc., and

holding a lien on all assets of said defendant, and harmed by the actions of this Court which

rendered an Order that eviscerates and appears to supersede portions of her judgment lien,

hereby appeals to the Superior Court of Pennsylvania from the Order entered in the above

case at 11:47 a.m. on the 17th day of May, 2022 (directing the Prothonotary to issue a *Writ

of Possession* that includes terms to "authorize levy and sale of any property of Defendant U

Lock" in favor of Plaintiff Christine Biros).

TRANSCRIPT ORDER: Shanni Snyder hereby orders a transcript of the hearing in

connection with this appeal. Said hearing occurred on an unknown date not contained on

the docket and without public notice.

Respectfully submitted,

Shanni Snyder
14390 Route 30
North Huntingdon PA  15642
(412) 206-6850
shannis@pm.me

# DOCKET ENTRIES

## Case Information

| Case# | Caption | Reference File | Judgment Amt | Filed Date | Case Type/Subtype | Status | Judge |
|-------|---------|----------------|--------------|------------|-------------------|--------|-------|
| 17CJ04886 | CHRISTINE BIROS /INDIVID VS U LOCK INC | | | Jan/24/2018 | LIS PENDENS NEW FILE | ACTIVE | Rita Donovan Hathaway |

## Parties

| Party Type | Name | Address |
|------------|------|---------|
| DEFENDANT ATTY | DENNIS D DEL COTTO | 4345 OLD WILLIAM PENN HWY , MURRYSVILLE , PA, 15668 |
| DEFENDANT ATTY | J ALLEN ROTH | 805 S ALEXANDRIA STREET , LATROBE , PA, 15650 |
| DEFENDANT ATTY | JOHN A TUMOLO | 437 GRANT STREET , PITTSBURGH , PA, 15219 |
| DEFENDANT | DENISE SCHUR /EXEC | 8700 CLEVELAND ROAD, CRESTON, OH, 44217, USA |
| DEFENDANT | ALEX SCHUR /ESTATE | |
| DEFENDANT | HENRY L MOORE /CO EXEC | 310 KEYSTONE COMMONS 35 WEST PITTSBURGH STREET, GREENSBURG, PA, 15601, USA |
| PLAINTIFF ATTY | WILLIAM E OTTO | PO BOX 701 , MURRYSVILLE , PA, 15668 |
| PLAINTIFF | CHRISTINE BIROS /INDIVID | 435 MILLERS LANE, PLUM, 15239 |
| DEFENDANT | SUSAN STANO /CO EXEC | 31856 LAKE DRIVE, AVON LAKE, OHIO, 44012, USA |
| DEFENDANT | NICHOLAS SCHUR /ESTATE | |
| DEFENDANT | KATHLEEN S WALTER /EXEC | 3 RIDGE COURT, SARATOGA SPRINGS, NY, 12866, USA |

| DEFENDANT | MICHAEL SCHUR /ESTATE | |
|-----------|----------------------|---|
| DEFENDANT | CYNTHIA SARRIS /ADMIN | 14249 HILAND PLACE, IRWIN, PA, 15642, USA |
| DEFENDANT | ANN SARRIS /ESTATE | |
| DEFENDANT | U LOCK INC | 14140 ROUTE 30, NORTH HUNTINGDON, PA, 15642, USA |

## Events

| Action Date | Action Description | Action Name | View Document |
|-------------|-------------------|-------------|---------------|
| May/17 /2022 | ********* NOT VERIFIED ********* | ********* NOT VERIFIED ********* | |
| May/17 /2022 | ORDER DENYING | ORDER MAY 13 2022 DENIED WITH PREJUDICE NOTICE GIVEN RULE N 236 | View |
| May/17 /2022 | ********* NOT VERIFIED ********* | ********* NOT VERIFIED ********* | |
| May/17 /2022 | ORDER | ORDER MAY 13 2022 AS SET FORTH NOTICE GIVEN RULE N 236 | View |
| May/17 /2022 | ********* NOT VERIFIED ********* | ********* NOT VERIFIED ********* | |
| May/17 /2022 | ORDER | ORDER MAY 13 2022 AS SET FORTH NOTICE GIVEN RULE N 236 | View |
| Apr/25/ 2022 | BRIEF IN OPPOSITION TO MOTION | FOR SANCTIONS | View |
| Apr/21/ 2022 | PRELIMINARY OBJECTIONS | DEFT U LOCK INCS PRELIMINARY OBJECTIONS RAISING ISSUES OF FACT TO THE PETITION FOR WRIT OF POSSESSION | View |
| Mar/18 /2022 | ORDER | PENDING SUPRME COURT OF PA WESTERN DISTRICT | View |
| Mar/17 /2022 | EXHIBITS | IN SUPPORT OF PETITION TO STRIKE ORDER OF JANUARY 20 2022 AS SET FORTH | View |
| Mar/17 /2022 | MOT/PET STRIKE | PETITION TO STRIKE ORDER OF JAN 20 2022 AS SET FORTH | View |
| Jan/24/ 2022 | ORDER | ORDER JANUARY 20, 2022 NOTICE GIVEN RULE N236 | View |
| Aug/27 /2021 | *MOT/PET STAY TAX SALE | AND ORDER DATED AUGUST 27 2021 GRANTING STAY RULE N 236 NOTICE SENT | View |
| May/08 /2020 | ORDER DENYING MOTION | ORDER MAY 7, 2020 MOTION IS DENIED WITHOUT PREJUDICE | View |

BIROS_000230

B40

| | | | |
|---|---|---|---|
| Apr/13/<br>2020 | OBJECTIONS | DEFTS OBJECTIONS TO PLFFS INTERROGATORIES REQUEST FOR<br>ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS<br>IN AID OF EXECUTION DIRECTED TO U LOCK INC | View |
| Mar/26<br>/2020 | BRIEF IN OPPOSITION TO<br>MOTION | TO DELIVER DEEDS TO PLFF | View |
| Mar/23<br>/2020 | BRIEF IN SUPPORT OF<br>MOTION | TO DELIVER DEEDS TO PLFF | View |
| Mar/23<br>/2020 | MOTION/PETITION | MOTION TO DELIVER DEEDS TO PLFF | View |
| Feb/07<br>/2020 | NOTICE SENT TO ALL<br>COUNSEL &<br>UNREPRESENTED<br>PARTIES/PER PA RA | NOTICE SENT TO ALL COUNSEL & UNREPRESENTED<br>PARTIES/PER PA RA | |
| Feb/04<br>/2020 | SUPPLEMENT | ORDER TO RULE 1925a | View |
| Feb/04<br>/2020 | ORDER PURSUANT TO<br>RULE 1925(A) | ORDER PURSUANT TO RULE 1925(A) | View |
| Jan/24/<br>2020 | BRIEF IN SUPPORT OF<br>MOTION | TO REQUIRE DEFT TO POST SECURITY | View |
| Jan/24/<br>2020 | STATEMENT PURSUANT<br>TO RULE 1925 | OF ISSUES TO BE RAISED ON APPEAL | View |
| Jan/24/<br>2020 | BRIEF IN OPPOSITION TO<br>MOTION | TO REQUIRE DEFT TO POST SECURITY PURSUANT TO PARAP<br>1733 AND OBJECTIONS TO THE PROPERTY INSPECTION<br>PROCEDURE | View |
| Jan/24/<br>2020 | VERIFICATION | OF GEORGE SNYDER JR AS TO PLFFS MOTION TO REQUIRE DEFT<br>TO POST SECURITY PURSUANT TO PENNSYLVANIA RULE OF<br>APPELLATE PROCEDURE 1733 | View |
| Jan/10/<br>2020 | MOTION/PETITION | MOTION TO REQUIRE DEFT TO POST SECURITY PURSUANT TO<br>PARAP RULE 1733 | View |
| Jan/10/<br>2020 | MOTION/PETITION | MOTION TO DIRECT DEFT TO FILE A STATEMENT OF ERRORS<br>COMPLAINED OF ON APPEAL PURSUANT TO PARAP RULE 1925B<br>AND ORDER AS SET FORTH | View |

BIROS_000231

B41

| Jan/06/<br>2020 | *JUDGMENT EO DIE:<br>JUDGMENT<br>ENTERED/NOTICE SENT | ON COURT ORDER DATED AUG 23, 2019 JUDGMENT ENTERED<br>NOTICE SENT | View |
| --- | --- | --- | --- |
| Jan/06/<br>2020 | OPPOSITION | DEFT U LOCK INCS OPPOSITION TO MOTION TO REQUIRE DEFT<br>TO POST SECURITY PURSUANT TO PARAP 1733 | View |
| Dec/20<br>/2019 | NOTICE APPEAL FROM<br>THE SUPERIOR COURT | NOTICE APPEAL FROM THE SUPERIOR COURT | View |
| Dec/13<br>/2019 | *NOTICE APPEAL TO THE<br>SUPERIOR COURT | *NOTICE APPEAL TO THE SUPERIOR COURT | View |
| Dec/09<br>/2019 | OPINION AND ORDER | OPINION AND ORDER DECEMBER 6 2019 AS SET FORTH N236 | View |
| Nov/26<br>/2019 | TRANSCRIPT OF<br>PROCEEDINGS | TRANSCRIPT OF PROCEEDINGS | View |
| Oct/21/<br>2019 | BRIEF IN OPPOSITION TO<br>POST-TRIAL MOTION | PURSUANT TO PARCIV PROC 227.1 | View |
| Oct/17/<br>2019 | ORDER CONTINUING<br>HEARING | OCTOBER 16 2019THE HEARING ON PLFFS MOTION FOR POST<br>TRIAL MOTION IS HEREBY CONTINUED TO NOVEMBE 8 2019 | View |
| Oct/15/<br>2019 | BRIEF IN OPPOSITION TO | PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANT U LOCK INCS<br>POST-TRIAL MOTIOINS PURSUANT TO PA R CIV PROC RULE 227.1 | View |
| Sep/30<br>/2019 | BRIEF IN SUPPORT OF<br>POST-TRIAL MOTION | PURSUANT TO PARCIV PROC RULE 227.1 | View |
| Sep/23<br>/2019 | BRIEF IN SUPPORT OF<br>POST-TRIAL MOTION | RELIEF PURSUANT TO PENNSYLVANIA RULE OF CIVIL<br>PROCEDURE 227.1 | View |
| Sep/16<br>/2019 | ORDER ORAL ARGUMENT | SEPTEMBER 13 2019 THAT THE ORAL ARUGMENT ON THE<br>MOTION FOR POST TRIAL RELIEF IS SCHEDULED OCTOBER 21<br>2019 N236 | View |
| Sep/13<br>/2019 | MOT/PET POST-TRIAL<br>RELIEF | MOTION FOR POST TRIAL RELIEF PURSUANT TO PA R CIV PROC<br>227.1 | View |
| Sep/13<br>/2019 | OBJECTIONS TO MOTION | OBJECTIONS TO DEFTS MOTION FOR POST TRIAL RELIEF<br>PURSUANT TO PARCIV PROC 227.1 | View |
| Sep/03<br>/2019 | MOT/PET POST-TRIAL<br>RELIEF | DEF MOTION FOR POST TRIAL RELIEF PURSUANT TO PA RCP<br>227.1 | View |

BIROS_000232

B42

| Aug/23<br>/2019 | OPINION AND ORDER | NON JURY TRIAL OPINION AND ORDER AUG 22 2019 AS TO PLFFS<br>COMPLAINT VERDICT IS HEREBY ENTERED IN FAVOR OF PLFF<br>CHRISTINE BIROS AND GAINSG DEDT U LOCK INC ON COUNTS I<br>AND II COUNT III OF PLFFS COMPLAINT IS | View |
|---|---|---|---|
| Jun/04/<br>2019 | NOTICE | OF COMPLIANCE WITH ORDER OF COURT | View |
| May/20<br>/2019 | FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW | DEFTS PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW<br>WITH PROPOPSED ORDER | View |
| May/17<br>/2019 | FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW | PROPOSED | View |
| May/15<br>/2019 | TRANSCRIPT OF<br>PROCEEDINGS | HEARD ON APRIL 29, 2019 | View |
| May/06<br>/2019 | ORDER AMENDING | ORDER MAY 3, 2019 THAT THE CAPTION IS AMENDED AS SET<br>FORTH | View |
| Apr/30/<br>2019 | MOT/PET CONTINUANCE | TRIAL AND ORDER APRIL 29, 2019 DENIED WITH PREJUDICE | View |
| Apr/26/<br>2019 | PRAECIPE WITHDRAW<br>PRELIMINARY<br>OBJECTIONS | AND ORDER ACCERPT FOR FILING BY THE COURT | View |
| Apr/26/<br>2019 | MOTION/PETITION | MOTION TO WITHDRAW PRELIMINARY OBJECTIONS AND ORDER<br>APRIL 26, 2019 THAT THE PRELIMINARY OBJECTIONS FILED ON<br>DECEMBER 1, 2017 ARE HEREBY DISMISSED WITH PREJUDICE | View |
| Apr/26/<br>2019 | CERTIFICATE OF<br>SERVICE | OF THE ORGINAL ANSWER AND NEW MATTER FILED ON APR 23<br>2019 | View |
| Apr/26/<br>2019 | RESPONSE - PLAINTIFF'S | PLFFS RESPONSE TO DEFTS NEW MATTER | View |
| Apr/23/<br>2019 | ANSWER AND NEW<br>MATTER | ANSWER AND NEW MATTER | View |
| Apr/04/<br>2019 | SCHEDULING ORDER | ORDER APRIL 3, 2019 THAT A ONE DAY NON-JURY TRIAL IS<br>SCHEUDLED ON APRIL 29, 2019 N236 | View |
| Apr/01/<br>2019 | PRAECIPE | TO SET TRIAL DATE | View |
| Mar/29<br>/2019 | MOTION/PETITION | TO ENFORCE SETTLEMENT | View |
| Feb/25<br>/2019 | ANSWER | ANSWERS AND OBJECTIONS TO THE SECOND SET OF<br>INTERROGATORIES REQUEST FOR ADMISSIONS AND REQUEST<br>FOR PRODUCTION OF DOCUMENTS DIRECTED TO U LOCK INC | View |

BIROS_000233

| Jan/28/2019 | ORDER PRELIMINARY OBJECTION | ORDER THAT RULING ON SAID PRELIMINARY OBJECTIONS IS DEFERRED AS THE PARTIES PURSUE SETTLEMENT AS SET FORTH N236 | View |
|---|---|---|---|
| Dec/07/2018 | JUDICIAL REASSIGNMENT FORM FROM | MARSILI TO JUDGE MARSILI/SMAIL | View |
| Dec/07/2018 | MOT/PET HEARING | MOTION TO SCHEDULE HEARING TO DETERMINE PRELIMINARY OBJECTIONS AND ORDER HEARING IS SCHEDULED ON JANUARY 24, 2019 | View |
| Oct/12/2018 | RESPONSE - PLAINTIFF'S | TO DEFT U LOCK INCS NEW MATTER | View |
| Oct/01/2018 | AMENDED | DEFT U LOCK INCS AMENDED OBJECTIONS AND RESPONSES TO THE INTERROGATORIES REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS AND EXHIBITS A THROUGH Y NOT IMAGED | View |
| Sep/21/2018 | AMENDED ANSWER AND NEW MATTER | TO COMPLAINT FOR DECLATORY JDGMT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING | View |
| Sep/07/2018 | ORDER PRELIMINARY OBJECTION | ORDER SEPT 6 2018 THAT PRELIMINARY OBJECTIONS ARE OVERRULED IN PART SUSTAINED IN PART AND STRICKEN IN PART AS SET FORTH N236 | View |
| Sep/07/2018 | MOT/PET STAY TAX SALE (NO FEE) | AND ORDER AS SET FORTH | View |
| Jul/06/2018 | ORDER | ORDER DEFTS PETITION FOR PROTECTIVE ORDER IS GRANTED AS SET FORTH | View |
| Jul/06/2018 | MOT/PET PROTECTIVE ORDER | DEFT U LOCK INCS PETITION PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 4012A FOR A PROTECTIVE ORDER AND FOR A THIRTY (30) DAY EXTENSION OF TIME TO RESPOND TO THE PLFFS DISCOVERY REQUESTS | View |
| Jul/06/2018 | MOT/PET COMPEL | DISCOVERY RESPONSE TO DEFTS OBJECTIONS TO PLFFS DISCOVERY REQUEST AND RESPONSE TO PLFFS MOTION FOR PROTECTIVE ORDER | View |
| Jul/02/2018 | RESPONSE | TO DEFTS U LOCK INCS ANSWER TO PRELIMINARY OBJECTIONS | View |

BIROS_000234

| | | | |
|---|---|---|---|
| Jun/13/ 2018 | ANSWER PRELIMINARY OBJECTIONS | DEFT U LOCK INCS ANSWER TO PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING | View |
| Jun/13/ 2018 | BRIEF IN OPPOSITION TO PRELIMINARY OBJECTION | DEFT U LOCK INCS BRIEF IN OPPOSITION TO PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING | View |
| May/23 /2018 | CERTIFICATE OF SERVICE | OF SCHEDULING ORDER DATED MAY 17 2018 | View |
| May/18 /2018 | SCHEDULING ORDER | FILING BRIEFS N236 | View |
| May/16 /2018 | OBJECTIONS | AND RESPONSES TO THE INTERROGATORIES REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS | View |
| May/14 /2018 | PRELIMINARY OBJECTIONS | BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING AND BRIEF IN SUPPORT | View |
| Apr/23/ 2018 | NOTICE OF SERVICE | OF INTERROGATORIES REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO U LOCK INC | View |
| Apr/23/ 2018 | OPPOSITION | TO PRELIMINARY OBJECTIONS | View |
| Apr/23/ 2018 | AMENDED ANSWER AND NEW MATTER | TO COMPLAINT IN CIVIL ACTION FOR DECLATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING | View |
| Apr/19/ 2018 | CERTIFICATE OF SERVICE | OF SCHEDULING ORDER | View |
| Apr/12/ 2018 | SCHEDULING ORDER | FILING BRIEF N236 | View |
| Apr/04/ 2018 | PRELIMINARY OBJECTIONS | PRELIMINARY OBJECTIONS BASED UPON FAILURE TO CONFORM TO RULE OF COURT AND FOR INCLUSION OF SCANDALOUS AND IMPERTINENT MATTER AND INSUFFICIENT SPECIFICITY IN PLEADING AND BRIEF IN SUPPORT | View |
| Mar/28 /2018 | PRAECIPE WITHDRAW PRELIMINARY OBJECTIONS | AND BRIEF IN SUPPORT | View |

BIROS_000235

B45

| | | | |
|---|---|---|---|
| Mar/19 /2018 | ANSWER COMPLAINT | AND NEW MATTER TO COMPLAINT IN CIVIL ACTION FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUTING | View |
| Mar/16 /2018 | ORDER | THAT THE DEFAULT JDGMT IN FAVOR OF PLFF AND AGAINST DEFT U LOCK IS STRIKEN AS SET FORTH | View |
| Mar/16 /2018 | MOT/PET STRIKE JUDGMENT (NO FEE) | MOTION TO STRIKE DEFAULT JUDGMENT (NO FEE) | View |
| Mar/16 /2018 | SCHEDULING ORDER | SCHEDULING ORDER MARCH 15, 2018 FILING BRIEF AS SET FORTH N236 | View |
| Mar/12 /2018 | APPEARANCE ENTERED BY | JOHN A TUMOLO ESQ | View |
| Mar/08 /2018 | JUDICIAL REASSIGNMENT FORM FROM | FROM JUDGE SCHERER TO JUDGE MARSILL | View |
| Mar/06 /2018 | ORDER RECUSAL | ORDER RECUSAL THAT THE COURT ADMINISTRATORS OFFICE SHALL REASSIGN THIS CASE TO JUDGE ANTHONY MARSILI AS SET FORTH N236 | View |
| Mar/05 /2018 | ANSWER COMPLAINT | FOR DECLARATORY JUDGMENT AND EQUITABLE ACTION TO CONVEY TITLE TO QUIET TITLE AND FOR AN ACCOUNTING | View |
| Mar/05 /2018 | APPEARANCE ENTERED BY | J ALLEN ROTH ESQ | View |
| Mar/05 /2018 | BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS | BRIEF IN SUPPORT OF DEFT U LOCK INCS PRELIMINARY OBJECTIONS TO THE COMPLAINT | View |
| Mar/05 /2018 | PRELIMINARY OBJECTIONS | DEFT U LOCK INCS PRELIMINARY OBJECTIONS TO THE COMPLAINT | View |
| Mar/05 /2018 | *MOT/PET OPEN OR STRIKE JUDGMENT | *MOT/PET OPEN OR STRIKE JUDGMENT | View |
| Mar/02 /2018 | APPEARANCE ENTERED BY | DENNIS D DEC COTTO ESQ | View |
| Feb/23 /2018 | *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT | *JUDGMENT EO DIE: JUDGMENT ENTERED/NOTICE SENT | View |
| Feb/21 /2018 | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | View |

BIROS_000236

B46

| | | | |
|---|---|---|---|
| Feb/21/2018 | RETURN SERVICE BY | OF PROCESS BY PUBLICATION | View |
| Jan/19/2018 | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | PRAECIPE REINSTATE COMPLAINT EO DIE: COMPLAINT REINSTATED | View |
| Jan/12/2018 | MOTION/PETITION | MOTION FOR SERVICE BY PUBLICATION PURSUANT TO RULE 430 AND ORDER THAT DEFT U LOCK INC MAY BE SERVED BY PUBLICATION IN ACCORDANCE WITH PA PRCP RULE 430 | View |
| Jan/12/2018 | *PRAECIPE INDEX LIS PENDENS | *PRAECIPE INDEX LIS PENDENS | View |

BIROS_000237

B47

## VERIFICATION OF SERVICE

I, Shanni Snyder, verify under the penalty for unsworn falsification to authorities that I mailed a copy of this document to the following persons in this case on the 18th day of May, 2022, by First Class Mail:

William E. Otto, Esq.
PO Box 701
Murrysville, PA 15668

Dennis D. Del Cotto, Esq.
4345 Old William Penn Highway
Murrysville, PA 15668

William F. Ross, Esq.
406 N. Market Street
Wooster, OH 44691

John Tumolo, Esq.
Suite 1500, Frick Building
Pittsburgh, PA 15219

Hon. Harry F. Smail
Court of Common Pleas
2 N Main Street, Courtroom 2
Greensburg PA 15601

Court Administrator
Court of Common Pleas
2 N Main Streert
Greensburg PA 15601

Shanni Snyder

BIROS_000238

B48

EXHIBIT

**14**

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                                    Case No. 17 CJ 04886

           Plaintiff,

    vs.                                          U LOCK INC.'S NOTICE OF
                                  BANKRUPTCY

U LOCK INC.,

           Defendant.

Filed on behalf of:

U LOCK INC.,    Defendant.

Counsel of record for this party:

J. Allen Roth, Esq. (PA 30347)
805 S. Alexandria
Latrobe PA 15650
(724) 537-0939
lawmatters@yahoo.com

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAY 19 A 10:09
JS
GINA O'BARTO
TIME IN

1

BIROS_000239

B49

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CHRISTINE BIROS,                    )        Case No. 17 CJ 04886
                                    )
        Plaintiff,                 )
                                    )
  vs.                              )
                                    )
U LOCK INC., et al,                 )
                                    )
        Defendant.                 )

## DEFENDANT U LOCK INC.'S
## NOTICE OF BANKRUPTCY

Defendant U Lock Inc., by and through its counsel, J. Allen Roth, files this Notice

of Bankruptcy:

U Lock Inc. received notification from Shanni Snyder and by mail from the United

States Bankruptcy Court that a petition for bankruptcy was filed against it. The

bankruptcy filing appears to create an automatic stay of this case.

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 04/28/2022 at 4:53 PM and filed on 04/27/2022. U LOCK INC 14140 U.S. Route 30 N. Huntingdon, PA 15642 Tax ID / EIN: 47-4994911 aka U-LOCK INC. The case was filed by the following petitioning creditor(s): Shanni Snyder 14390 Route 30 Unit H North Huntingdon, PA 15642 SSN / ITIN: xxx-xx-6136 The case was assigned case number 22-20823-GLT to Judge Gregory L. Taddonio. If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor(s) and the debtor, they are available at our Internet home page https://ecf.pawb.uscourts.gov or at the Clerk's Office, U.S. Bankruptcy Court, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219. You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines. Michael R. Rhodes Clerk, U.S. Bankruptcy Court. /s/ Michael R. Rhodes, Clerk, U.S. Bankruptcy Court.



---

2

WHEREFORE, U Lock Inc. respectfully notifies the Court and the parties that a

bankruptcy exists against the Defendant along with an automatic stay.

Respectfully submitted,

J. Allen Roth, Esq (PA 30347)
805 S Alexandria Street
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

ATTORNEY FOR U LOCK INC.

3

BIROS_000241

B51

## CERTIFICATE OF SERVICE

I certify that I mailed a true copy of the foregoing to the following parties on this

18th day of May, 2022:

William E. Otto, Esq.
PO Box 701
Murrysville, PA 15668

Dennis D. Del Cotto, Esq.
4345 Old William Penn Highway
Murrysville, PA 15668

William F. Ross, Esq.
406 N. Market Street
Wooster, OH 44691

John Tumolo, Esq.
Suite 1500, Frick Building
Pittsburgh, PA 15219

Hon. Harry F. Smail
Court of Common Pleas
2 N Main Street, Courtroom 2
Greensburg PA 15601

J. Allen Roth, Esq.

4

BIROS_000242

B52

1

EXHIBIT
**16**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy No. 22-20823-GLT

Chapter 7


In re:                          )
                                )
U LOCK INC.,                    )
                                )
        Debtor.                 )
_____/



TRANSCRIPT OF RECORDED PROCEEDINGS:

341(a) MEETING OF CREDITORS

September 9, 2022

BIROS_000248

B53

341 (a) MEETING OF CREDITORS - 9/9/2022

2

1                      PRESENT:

2

3

Robert H. Slone, Esquire, United States Trustee

4

George Snyder

5

Sarah Wenrich, Esquire

6

William Otto, Esquire

7

Christine Biros

8

Ms. Shanni Snyder

9

J. Allen Roth, Esquire

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

BIROS_000249
B54

341 (a) MEETING OF CREDITORS - 9/9/2022

```
                                                                    3
 1                              INDEX

 2

 3

 4

 5  WITNESS:  GEORGE SNYDER

 6  EXAMINATION BY MR. SLONE - PAGE 5

 7  EXAMINATION BY MS. WENRICH - PAGE 22

 8  EXAMINATION BY MR. OTTO - PAGE 29

 9  EXAMINATION BY MS. SHANNI SNYDER - PAGE 95

10

11

12  EXHIBITS INTRODUCED:  (NONE)

13

14

15

16

17

18

19

20

21

22

23

24

25
```

341 (a) MEETING OF CREDITORS  -  9/9/2022

15

1          A.  Silent partner.  Okay, we'll file an

2     amended.

3          Q.  How many employees did the company

4     have when the bankruptcy was filed?

5          A.  None.

6          Q.  None.  When's the last time the

7     company had employees?

8          A.  Up till recently, we had -- there

9     was always someone helping there.  There was

10     always about a half a dozen people helping

11     at different times, you know, throughout the

12     years.  But just the -- just limited, you

13     know, just a few hours a year.

14          Q.  Can you get me the records of that?

15     Were the withholding taxes paid for the

16     taxes for those employees?  Were they issued

17     W-2's?

18          A.  Okay, I'll get you the records for

19     the people that worked.

20          Q.  Give me copies of the W-2's for the

21     last four years.

22          A.  Okay.  But there wouldn't be any

23     records 'cause they were -- they were

24     contractors, not -- not -- you know, we

25     didn't have W-2's.

BIROS_000251

B56

16

1        Q.  So they weren't employees?

2        A.  No.

3        Q.  Well, get me records of what, what

4  they were paid.

5        A.  Okay.  Past four years?

6        Q.  Yes.

7        A.  Will do.

8        Q.  Okay, your bankruptcy schedules said

9  your gross revenues for 2021 were about

10  $13,000; for 2020 was about $12,000.  Do you

11  --

12        A.  Yes.

13        Q.  Thirteen two for '21.  Do you know

14  what it would have been for 2019?

15        A.  Not right offhand.  My brother would

16  probably know that.

17        Q.  Well, was it in that same range?

18        A.  Probably pretty much about the same.

19  (Inaudible) kind of estimate, so I would

20  guess that 2019 would be about the same.

21        Q.  Okay.  How about years prior to

22  that, has it always been about that much?

23        A.  Yeah.  Yeah, it's always been

24  (Inaudible).

25        Q.  Okay.  Does the company have an

BIROS_000252
B57

21

1       -- we didn't really have any defenses for

2       it.  She had -- she had did the work.  At

3       the time we didn't really consider her an

4       employee.  She was just, you know, she was

5       doing the work and we had the agreement was,

6       you know, once we got everything together,

7       she would get something. And, you know, we

8       kind of thought she'd go away.  We didn't

9       think she was going to follow through with

10      it.

11          Q.  Well, if you didn't consider her an

12      employee, why didn't you defend this?

13          A.  Pardon me?

14          Q.  You said you didn't -- you didn't

15      consider her --

16          A.  (Inaudible).

17          Q.  -- as an employee.  Was there any

18      agreement made with her?

19          A.  Just that she would get something

20      when, when we got our, you know, got

21      everything off the ground.  We didn't have

22      money to defend it.  We would have needed

23      $10,000 for an attorney at that point,

24      because it's a corporation.

25          Q.  So you were aware of the lawsuit

BIROS_000253

B58

27

1          came in sometimes when they were needed if

2          there was -- there was no -- nobody was on a

3          40-hour work week.  But just me, like I said

4          --

5               Q.  Okay, so --

6               A.  -- I was entitled to at least

7          minimum wage for the time I worked there or

8          officer compensation.

9               Q.  So you, okay, so Ms. Snyder then,

10         Shanni Snyder, your sister, if everyone made

11         less than five or six hundred dollars a

12         year, if she worked for four years, that

13         would be around $2,000; right?

14              A.  I wasn't talking about her 'cause we

15         never -- she didn't make anything.  We

16         didn't pay her anything.  And like I said,

17         we didn't really even consider her an

18         employee.  She was my sister; she was

19         helping out, and the arrangement was, once

20         we got things together, she would make some

21         money.  So she kept track of her

22         (Inaudible).

23              Q.  So is it your opinion that the

24         default judgment that was obtained in

25         District Court was not truthful and

BIROS_000254
B59

47

1    other part of that question, I said we

2    didn't really think that lawsuit

3    (Inaudible), and I had no idea that we'd

4    bankruptcy at this point.

5        Q.  (BY MR. OTTO)  Well, let me -- let

6    me continue with your sister's case for a

7    moment.  You said earlier that the reason

8    that you didn't, among other things, the

9    reason that you did not bother to go in and

10   defend against this, this judgment was

11   because you had no defenses. Well, the easy

12   defense would have been for you to testify

13   that she was not an employee, but you didn't

14   bother to do that.

15   But you and your brother have both given,

16   submitted sworn evidence, number one, that

17   U Lock had no employees throughout that

18   period of time that Shanni Snyder claims she

19   worked for you, and second, that you did not

20   owe anybody any money for employment.  So

21   why wouldn't you go in and at least simply

22   state that?  Even if you lost, you would at

23   least have put up a bona fide defense

24   against her case?

25       A.  I didn't consider -- we didn't

BIROS_000255

B60

48

1      consider her a current employee at the time,

2      and I still --

3           Q.  I understand that, but if --

4           A.  (Inaudible).

5           Q.  But if you don't consider her an

6      employee, you have to assert that defense.

7      You can understand why, under the

8      circumstances, this does not sound like a

9      case of two arm's length parties arguing

10     about an employment situation. This sounds

11     more like a brother and sister deciding that

12     they need to get a judgment in order to file

13     a lien against real estate in another

14     county.

15          A.  Yeah, that, that's absolutely not

16     the case.  I mean, this whole thing is not

17     an arm's length. Biros, Christine and John

18     --

19          Q.  But you allowed your sister --

20          A.  (Inaudible).

21          Q.  You allowed your sister to get a

22     default judgment against your company.  And

23     it wasn't, you know, a default judgment of

24     $100.  It was 130,000.  Why wouldn't you

25     even go into court to at least put up a --

64

```
 1        that worked there that weren't employees;

 2        they weren't on the payroll, but they were

 3        people that worked.

 4             Q.  Well, let -- let me -- let me ask it

 5        this way. I concede that you had independent

 6        contractors for whom you paid some amount

 7        for small jobs and periodically, okay?

 8             A.  Yeah.

 9             Q.  But Shanni Snyder claims that she,

10        she worked for you for an extended period of

11        time on a continuous four-year basis.  And

12        you're now telling us that you didn't have

13        any employees on the payroll.  So my

14        question is, did you have employees who were

15        not on the payroll?

16             A.  Yes, me, Kash, and Shanni all

17        worked.

18             Q.  And you were not on a payroll?  Did

19        you report taxes to the IRS, payroll taxes?

20             A.  We, no, never received any pay.  We

21        just worked.  Shanni, you know, we didn't --

22        she worked for U Lock, but we didn't really

23        consider her an employee.  She's my sister,

24        and I thought it was more of a favor and the

25        understanding was when we developed the
```

65

1    property, she would get something.  As I

2    said in court, you know, I think my brother

3    might have said that he thought it was

4    sisterly love. But anyhow, she was doing the

5    camera stuff and she was driving through,

6    you know, ten times a week (Inaudible).

7        Q.  Well, you said in discovery that was

8    provided as a result of a request from me to

9    your counsel, Mr. Roth, you signed, you

10   personally, George Snyder, signed a document

11   that said you had no employees; U Lock has

12   no employees?

13       A.  Yeah, at that time (Inaudible).

14       Q.  What's that?

15       A.  Yes, and at that time that was the

16   (Inaudible).

17       Q.  Well --

18       A.  I didn't hear anything about this

19   lawsuit (Inaudible).

20       Q.  Well, Shanni Snyder, your sister

21   claims that she worked for you continuously

22   from 2016 to 2020, and that covers the

23   period of time that I asked the question.

24   And in court I asked your brother if she had

25   any connection to U Lock and he said no.

BIROS_000258
B63

66

1          That sounds pretty clear to me that she

2          didn't have a position as an employee or --

3          or in any fashion.

4          But you're now telling us that in fact she

5          was an employee and that she is entitled to

6          a salary of 130,000, which has now been

7          doubled by the Federal Court to $260,000,

8          which you did not defend on U Lock's behalf?

9               A.   I think if I recall (Inaudible).

10              Q.   Even though, even though your

11         testimony is that she was not an employee?

12              A.   Well, I think, I think, like I said,

13         it's been a couple years, but if I remember

14         correctly, I think you asked this, these

15         same questions of me and my brother Kash,

16         and I think we did tell you that she worked

17         there, and you said why, and I think someone

18         said sisterly love and helping us out or

19         whatever.  And that's what we thought at the

20         time.  She wasn't (Inaudible).

21              Q.   No, that's -- that's incorrect.  I

22         asked the question whether she helped on the

23         legal pleadings, and then I asked whether

24         she had anything to do with U Lock.  And the

25         answer to the second question, which is

BIROS_000259
B64

78

1    question is not correct?

2        A.  Yeah, the way I read it, the way I

3    read it, I thought it meant salary, and I

4    didn't receive any salary or any payments,

5    no dividends.

6        Q.  Let me move on.  What, what

7    utilities are at the property at 14140?

8        A.  I believe electric service.  I think

9    there are sewage and water taps there, but I

10   don't believe U Lock gets a bill for those.

11       Q.  How about cable?

12       A.  I don't -- no, no cable.

13       Q.  Okay.  Do you have a camera system

14   at the -- at the property?

15       A.  Yes.

16       Q.  Where are the cameras located?

17       A.  We kind of have cameras there to,

18   you know, because the Biros are still

19   (Inaudible) for a lot of things.  I don't

20   know, do I have to tell you the exact

21   locations as to those cameras since your

22   client are the perpetrator?

23            MR. SLONE:  Just say how many

24   cameras are there.

25       A.  I believe there's -- I believe

79

```
 1        there's about ten cameras there.  And they

 2        face --

 3            Q.  Well, let me ask you this, Mr. --

 4            A.  (Inaudible).

 5            Q.  Mr. Snyder.

 6            A.  (Inaudible).

 7            Q.  How -- how does information from

 8        those cameras get to some other location if

 9        you don't have cable?

10            A.  Well, there's -- I believe there's

11        WiFi at the property, but I think it's the

12        motel's WiFi or someone else's and --

13            Q.  Oh, so you -- you --

14            A.  (Inaudible).

15            Q.  You tap into the -- you tap into

16        somebody else's WiFi?  Did -- did they give

17        you consent to do that?

18            A.  No, I don't -- no, I don't control

19        that camera system, so the one I --

20            Q.  Who does?

21            A.  The one I control is closed circuit

22        and it's not -- it does not go over WiFi.

23            Q.  So it's not remotely available?

24            A.  The one that I --

25            Q.  Is that correct?
```

341 (a) MEETING OF CREDITORS  -  9/9/2022

80

1            A.   That's correct.

2            Q.   Okay.  So how could Shanni Snyder

3      monitor your camera system, if it's closed-

4      circuit and not remotely available, how

5      could she do that for four years?

6            A.   Well, she had the -- no, I, the one

7      I control is closed-circuit and not -- I

8      don't do it, you know, 'cause my sister

9      does, I believe.

10            Q.   Well, where -- but it's -- but it's

11      U Lock's system; right?  So you're telling

12      me she owns the cameras that monitor U Lock?

13            A.   I believe so.

14            Q.   So she owns the camera system at the

15      U Lock property; is that correct?

16            A.   Some of their -- there's multiple

17      camera systems there, because some of the

18      tenants even have their own systems, I

19      believe.  But, yes, she owns her own system,

20      and then the one I have access to is

21      (Inaudible).

22            Q.   How, how is her -- how is her system

23      accessible remotely?  Where is the WiFi

24      system that, that allows that to happen?

25            A.   I'm not sure.  I know we don't have

BIROS_000262

B67

341 (a) MEETING OF CREDITORS - 9/9/2022

81

1    WiFi at the time, but, you know, since -- I

2    don't think we've had it (Inaudible).

3        Q.  Well, that was a four-year period

4    where, where she had -- she claims she had

5    access to cameras.  You're telling me that

6    you only have a closed-circuit camera, so

7    that couldn't have been -- that couldn't

8    have been what she was using.  So she's got

9    her own camera system; is that, is that what

10   you're telling us?

11       A.  Yes, she has her own.  I think she

12   has a -- I think it's called a Dropcam

13   system.  She's a little more technological

14   savvy than me. Mine's kind of like old-

15   school camera, I mean, but it's -- hers has

16   I think (Inaudible).

17       Q.  So if we get into the details of

18   this camera system with her when her claim

19   is, is heard by the District Court, which

20   she's appealed, then she'll understand

21   perfectly how this camera system works?

22       A.  Well, I know she understands better

23   than me. I'm not -- I'm not real -- like I

24   said, mine's the old-fashioned kind.  It's

25   not old-fashioned; it's a high-resolution, I

105

1          A.  Yes, she knew every step of the way,

2     every --

3          Q.  Did you tell her during your weekly

4     meetings?

5          A.  Yes.  I went over everything.

6          Q.  And you considered my work to be a

7     favor; isn't that right?

8          A.  Yes, at the time.

9          Q.  You called it sisterly love; isn't

10    that right?

11         A.  Oh, something like that.  I think

12    Kash used those words.

13         Q.  And Christine Biros didn't object to

14    me doing this work, did she?  When I sued

15    you, someone handed you the summons; isn't

16    that right?

17         A.  That's correct.

18         Q.  You knew about the lawsuit, but you

19    didn't answer it; right?

20         A.  Yes.

21         Q.  Did I discuss the lawsuit with you?

22         A.  No.

23         Q.  Did I ask you not to hire an

24    attorney?

25              MR. OTTO:  I'm sorry, I didn't

BIROS_000264

B69

109

1

2

3             C E R T I F I C A T E

4

5       I, Mary J. Carney, a Court Reporter and Notary

6   Public in and for the Commonwealth of Pennsylvania,

7   do hereby certify that the foregoing is a true and

8   correct transcription of the recorded proceedings of

9   the 341(a) Meeting and constitutes a true record.

10

11   This 27th day of January, 2023.

12

13

14   _____

15             Notary Public

16

17

18

19

20

21

22

23

24

25

BIROS_000265
B70

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy No. 22-20823-GLT

Chapter 7

```
EXHIBIT
17
```

```
In re:                        )
                              )
U LOCK INC.,                  )
                              )
         Debtor.              )
_____/
```

TRANSCRIPT OF RECORDED PROCEEDINGS:

CONTINUED 341 MEETING OF CREDITORS

January 6, 2023

BIROS_000266

B71

CONT 341 MEETING OF CREDITORS  -  1/17/2023

```
                                                           2

 1                        PRESENT:

 2

 3
      Robert H. Slone, Esquire, United States Trustee
 4
      Charles O. Zebley, Jr., Esquire, Trustee for
 5           Shanni Snyder

 6    Kash Snyder

 7    George Snyder

 8    Kirk B. Burkley, Esquire

 9    Sarah Wenrich, Esquire

10    William Otto, Esquire

11    Christine Biros

12    John B. Joyce, Esquire

13    Beth L. Slaby, Esquire

14    Jeremy J. Kobeski, Esquire

15    J. Allen Roth, Esquire

16

17

18

19

20

21

22

23

24

25
```

AKF Technologies
412-261-2323

BIROS_000267

CONT 341 MEETING OF CREDITORS  -  1/17/2023

```
                                                                3
 1                              INDEX

 2          .

 3

 4   EXAMINATION OF KASH SNYDER BY MR. SLONE - PAGE 5

 5   EXAMINATION OF KASH SNYDER BY MR. BURKLEY - PAGE 16

 6   EXAMINATION OF KASH SNYDER BY MR. ZEBLEY - PAGE 25

 7   EXAMINATION OF GEORGE SNYDER BY MR. ZEBLEY - PAGE 27

 8

 9

10   EXHIBITS INTRODUCED:  (NONE)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

AKF Technologies
412-261-2323

BIROS_000268

B73

CONT 341 MEETING OF CREDITORS  -  1/17/2023

8

1          Q.  Did the corporation have employees?

2          A.  No, we never had employees.  We

3     always had people helping us, but never

4     anything official or long-term or anything

5     like that.

6          Q.  Did you have 1099 workers, people

7     that you gave 1099 forms to?

8          A.  No, we never did that.

9          Q.  Never did?

10          A.  No, sir.

11          Q.  Now, you said you had people help

12     out, but they weren't paid then; is that

13     correct?

14          A.  Yeah, everyone, anyone who helped --

15     well, there was always -- Christine said to

16     pay people less than 600.  She said her

17     employees I guess for her machine business,

18     you know, that would -- that would help, you

19     know, they would -- I don't know what the

20     reason was.  I guess it was for, to keep

21     things simple.  But so it was limited hours

22     on people where, you know, I think the

23     number was, well, I'm almost positive the

24     number was $600 per year, everyone had to be

25     below that.

9

1          Q.  Okay, so you never issued any W-2's
2      or 1099's; is that correct?
3          A.  That's correct.
4          Q.  Did the corporation have an
5      accountant?
6          A.  No, we didn't.  We talked to one one
7      time, and it just, I think at the time I
8      think we were ahead of ourselves.  I didn't
9      get the go-ahead, well, U Lock didn't get
10      the go-ahead from Christine to go ahead and
11      file and put names on things.  And what we
12      were told at the time was that of course we
13      should file, but there's no harm because we
14      were operating at a loss, but we have to do
15      it.  That's what, I mean, that's what he
16      told us.
17      So we, you know, we didn't hire him, but
18      we just thought that the penalty on zero
19      dollars that we made would be zero, so we
20      were just relying on Christine to pull the
21      trigger on it, which we had to wait till,
22      they had a lawsuit going on or something
23      that we had to wait for.  So it was sort of
24      like --
25          Q.  Okay, the question was, did you have

BIROS_000270

B75

39

1

2

3                 C E R T I F I C A T E

4

5        I, Mary J. Carney, a Court Reporter and Notary

6   Public in and for the Commonwealth of Pennsylvania,

7   do hereby certify that the foregoing is a true and

8   correct transcription of the recorded proceedings of

9   the January 6, 2023, Continued 341 Meeting of

10  Creditors and constitutes a true record.

11

12  This 17th day of January, 2023.

13

14

15  _____
               Notary Public
16

17

18

19

20

21

22

23

24

25

BIROS_000271

B76

EXHIBIT

**18**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:  U LOCK INC. a/k/a                    )
U-LOCK INC.                                      )          Bankruptcy 22-20823-GLT
                                                         )
                       Debtor.                   )          Chapter 7
                                                         )
—--------------------------------------------------- )

### DECLARATION OF GEORGE SNYDER

I, George Snyder, declare and state under the penalty for perjury that the

following is true and correct (28 USC 1746):

1. My name is George Snyder.  I am an officer of U Lock Inc.
2. I am making this declaration in response to Trustee Robert Slone's request for 1099 or W-2 records of employees and independent contractors.
3. U Lock had persons that did do work for the Company since 2015 through 2022.
4. No 1099s were filed because they did not receive cash compensation in excess of $550.  John Biros told us the way he handled pay for people who helped with his machines was to keep cash payments under the reporting requirements and that he'd like to keep it similar to that.  Christine Biros stated the same thing similar, but it was primarily John insisting to be careful about having to file things.  The cash payments under $550 per year were people who helped with the landscape, construction, maintenance, painting, electrical, errands.  I do not know if, whether it was formally calculated, what they actually received from U Lock amounts to minimum wage.  Hopefully it was near minimum wage, but I cannot be certain.  I had some notes and books, flashdrives, in the trailer at U Lock in file box, but I could not access due to the lockout by Christine Biros. When I finally obtained access to that trailer in January 2023, before it was demolished, the file box was not there.  Therefore, I can only go by memory.  I recall some of the workers from 2015 to 2022 were Nicole Delancey, Ray Weishorn, Amber Leddon, Ray Weishorn, Angelica Weishorn, Tristan Weishorn, Kyle Wishorn, Kathy Gribshaw, Karley Gribshaw, Gina Gribshaw, none earning more than $550 per year but the exact amounts are in the records which disappeared from the trailer.  There may be some other people whose names I cannot present recall.
5. At first we would provide workers with food, often from the pizza shop in White Oak controlled by the Biros family.  Sometimes food would be given from Sheetz or McDonalds, etc.  We did not consider the food compensation where we issued a 1099 for giving them that.  Sometimes John Biros paid, sometimes we used U Lock rent money, or I loaned money for the food.
6. To the extent these workers did not receive minimum wage, I am unclear on what is required, but they never stated they were owed more so I did not list them as creditors. I still do not fully understand what is required under the

BIROS_000272

B77

Labor Laws, who is an employee, and how to determine that since they were paid so little.

7. Our executive employees such as John Biros, Kash Snyder, and myself, we did not take money for salary, all hoping to advance the company until Robert Biros interfered and made Christine Biros file suit. I understand we were due minimum wage for our work because even executives are entitled to that, but we did not pay it because the company had very little revenue. I would not consider Christine Biros an employee since she just participated in Board meetings at her bar on a weekly basis. She was more like a Director or officer, but not actually working on site. Per the instruction of Christine Biros and John Biros, at the weekly meetings from 2015 through 2018, salary to cover the work would come once we rented to tenants. John Biros had almost daily meetings from 2015 to 2018, he worked on site sometimes, he brought some of his personal effects and stored them there, and he was an executive, and Kash Snyder worked for the company, along with me. Kash worked on site and offsite, but he did not receive income for the same reasons.

8. John Biros provided the Company pickup truck until 2020 when he said he needed it. John and I would obtain supplies, shelving, and things in the truck. I did not list the truck on the schedules because I think he might have kept the title in his name.

9. People who helped out, and whatnot, and people like Shanni Snyder who helped with security and cameras, were not salaried employees receiving cash. Because they received no cash or compensation, we did not issue a W-2. If we eventually have to pay them, or if we can pay them, we would issue a 1099 at that time. But we cannot issue a 1099 because we can't pay.

10. For these reasons, I cannot provide 1099s or W-2s.
Dated this 12th day of February 2023.

/s/ *George Snyder*

BIROS_000273

B78

**Supreme Court of Pennsylvania**



**Allocatur Docket Sheet**

**Docket Number:  259 WAL 2021**

**Page 1 of 3**

**February 14, 2023**

EXHIBIT
**19**

| CAPTION |
|---|

Christine Biros, an individual, Respondent

v.

U Lock Inc., a Pennsylvania Corporation, Petitioner

| CASE INFORMATION |
|---|

Initiating Document:      Petition for Allowance of Appeal

Case Status:              Active
Journal Number:

Case Category:            Civil                          Case Type(s):        Declaratory Judgment
                                                                              Equity
                                                                              Quiet Title
                                                                              Real Property

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| COUNSEL INFORMATION |
|---|

Attorney:          Roth, John Allen

Address:           805 S Alexandria
                   Latrobe, PA 15650
Phone No:          (724) 537-0939
Receive Mail:      Yes
Receive EMail:     Yes                                   Email:
Representing:      U Lock Inc., Petitioner
  Pro Se:          No
  IFP Status:

Attorney:          Otto, William E.
                   Law Firm of William E. Otto, Esq.
Address:           Po Box 701
                   Murrysville, PA 15668
Phone No:          (724) 519-8778
Receive Mail:      Yes
Receive EMail:     Yes                                   Email:
Representing:      Biros, Christine, Respondent
  Pro Se:          No
  IFP Status:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Supreme Court of Pennsylvania**



**Allocatur Docket Sheet**

**Docket Number:  259 WAL 2021**

**Page 2 of 3**

**February 14, 2023**

| SUPREME COURT INFORMATION | | |
|---|---|---|

Appeal From:

Appeal Filed Below:

| | | |
|---|---|---|
| Probable Jurisdiction Noted: | Docketed Date: | August 27, 2021 |
| Allocatur/Miscellaneous Granted: | Allocatur/Miscellaneous Docket No.: | |
| Allocatur/Miscellaneous Grant Order: | | |

| FEE INFORMATION | | | | | |
|---|---|---|---|---|---|
| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
| 08/27/2021 | Petition for Allowance of Appeal Filed | 90.25 | 08/27/2021 | 2021-SUP-W-002013 | 90.25 |

| INTERMEDIATE APPELLATE COURT INFORMATION | |
|---|---|
| Court Name: Superior | Docket Number: 1841 WDA 2019 |
| Date of Order: May 21, 2021 | Rearg/Recon Disp Date: July 28, 2021 |
| | Rearg/Recon Disposition: Denied. |
| Judge(s): Shogan, Jacqueline O. | |
| Stabile, Victor P. | |
| King, Megan | |
| Intermediate Appellate Court Action: Affirmed. | |
| Referring Court: | |

| AGENCY/TRIAL COURT INFORMATION | |
|---|---|
| Court Below: Westmoreland County Court of Common Pleas | |
| County: Westmoreland | Division: Westmoreland County Civil Division |
| Date of Agency/Trial Court Order: January 6, 2020 | |
| Docket Number: 17 CJ 04886 | |
| Judge(s): Smail, Harry F. | OTN: |
| Order Type: Judgment | |

| ORIGINAL RECORD CONTENT | | |
|---|---|---|
| Original Record Item | Filed Date | Content/Description |

**Record Remittal:**

| DISPOSITION INFORMATION | |
|---|---|
| Related Journal No: | Judgment Date: |
| Category: Decided | Disposition Author: Per Curiam |
| Disposition: Order Denying Petition for Allowance of Appeal | Disposition Date: January 19, 2022 |
| Dispositional Filing: | Author: |
| Filed Date: | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

BIROS_000275

B80



**Supreme Court of Pennsylvania**

**Allocatur Docket Sheet**

**Docket Number: 259 WAL 2021**

**Page 3 of 3**

**February 14, 2023**

| DISPOSITION INFORMATION |
|---|

| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **August 27, 2021** | **Petition for Allowance of Appeal** | | |
| | | Petitioner | U Lock Inc. |
| **August 27, 2021** | **Reproduced Record** | | |
| | | Petitioner | U Lock Inc. |
| **September 8, 2021** | **Answer to Petition for Allowance of Appeal** | | |
| | | Respondent | Biros, Christine |
| **January 19, 2022** | **Order Denying Petition for Allowance of Appeal** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 19th day of January, 2022, the Petition for Allowance of Appeal is DENIED.

| | | | |
|---|---|---|---|
| **January 19, 2022** | **Order Exited** | | |
| | | | Office of the Prothonotary |
| **February 2, 2022** | **Application Pursuant to Pa.R.A.P. 2572(c) to Stay Remand of Record Pending US Supreme Court Review** | | |
| | | Petitioner | U Lock Inc. |
| **February 15, 2022** | **Answer to Application to Stay Remand and Application for Appropriate Security** | | |
| | | Respondent | Biros, Christine |
| **March 16, 2022** | **Order Granting Stay of Remand of Record Pending US Supreme Court Review** | | |
| | | | Per Curiam |

Comments:
AND NOW, this 16th day of March, 2022, the Application to Stay Remand of Record Pending United States Supreme Court Review is GRANTED. Additionally, in accordance with Pa.R.A.P. 2572(d), Petitioner is hereby instructed to pay all accrued and unpaid real estate taxes and to keep such taxes current during the pendency of its occupancy of the Property.

| | | | |
|---|---|---|---|
| **March 16, 2022** | **Order Exited** | | |
| | | | Office of the Prothonotary |
| **May 11, 2022** | **Bankruptcy Notice - Action Stayed** | | |
| | | | Supreme Court of Pennsylvania |

| CROSS COURT ACTIONS |
|---|

Docket Number:                              1841 WDA 2019

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

BIROS_000276

B81

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 1 of 7**

**February 14, 2023**

Superior Court of Pennsylvania



EXHIBIT
**20**

| CAPTION |
|---|

Christine Biros, an individual
     v.
U Lock Inc., a Pennsylvania Corporation
  Appellant

| CASE INFORMATION |
|---|

| | |
|---|---|
| Initiating Document: | Notice of Appeal |
| Case Status: | Decided/Active |
| Case Processing Status: | August 27, 2021     Awaiting Supreme Court Decision |
| Journal Number: | J-S43016-20 |
| Case Category: | Civil         Case Type(s):    Declaratory Judgment |

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| SCHEDULED EVENT |
|---|

Next Event Type: Record Remitted               Next Event Due Date: June 21, 2021
Next Event Type: Record Remitted               Next Event Due Date: August 27, 2021

| COUNSEL INFORMATION |
|---|

**Appellant**    **U Lock Inc.**
Pro Se:         No
IFP Status:     No
    Attorney:      Roth, John Allen
    Law Firm:     J Allen Roth Esquire
    Address:      757 Lloyd Ave Ste B
                  Latrobe, PA 15650-2648
    Phone No:    (724) 537-0939       Fax No:

**Appellee**    **Biros, Christine**
Pro Se:         No
IFP Status:
    Attorney:      Otto, William E.
    Law Firm:     Law Firm of William E. Otto, Esq.
    Address:      Po Box 701
                  Murrysville, PA 15668
    Phone No:    (724) 519-8778       Fax No:

| FEE INFORMATION |
|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 12/17/2019 | Notice of Appeal | 90.25 | 12/17/2019 | 2019-SPR-W-001013 | 90.25 |
| 05/06/2020 | 2nd Motion for Extension of Time | 10.00 | 05/06/2020 | 2020-SPR-W-000260 | 10.00 |
| 06/02/2020 | 3rd Motion for Extension of Time | 25.00 | 06/02/2020 | 2020-SPR-W-000303 | 25.00 |
| 06/04/2021 | Petition for Reargument | 15.00 | 06/07/2021 | 2021-SPR-W-000369 | 15.00 |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability BIROS_000277
for inaccurate or delayed data, errors or omissions on the docket sheets.

B82

12:03 P.M.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number: 1841 WDA 2019**

**Page 2 of 7**



**February 14, 2023**

| AGENCY/TRIAL COURT INFORMATION |
|---|

| | | | |
|---|---|---|---|
| Order Appealed From: | January 6, 2020 | Notice of Appeal Filed: | December 13, 2019 |
| Order Type: | Judgment Entered | | |
| Documents Received: | December 17, 2019 | | |

| | | | |
|---|---|---|---|
| Court Below: | Westmoreland County Court of Common Pleas | | |
| County: | Westmoreland | Division: | Westmoreland County Civil Division |
| Judge: | Smail, Harry F. | OTN: | |
| Docket Number: | 17 CJ 04886 | Judicial District: | 10 |

| ORIGINAL RECORD CONTENT |
|---|

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Transcript(s) | | 1 |
| Exhibit(s) | | 1 Envelope |
| Original Record | February 10, 2020 | 3 Parts |

Comment: DO NOT REMIT UNTIL THE APPEALS AT 607, 615, 617, AND 650 WDA 2022 ARE COMPLETE.

| | |
|---|---|
| Trial Court Opinion | February 10, 2020 |

**Date of Remand of Record:**

| BRIEFING SCHEDULE |
|---|

| **Appellant** | | **Appellee** | |
|---|---|---|---|
| U Lock Inc. | | Biros, Christine | |
| **Brief** | | **Brief** | |
| Due: June 2, 2020 | Filed: June 2, 2020 | Due: August 3, 2020 | Filed: July 31, 2020 |
| **Reply Brief** | | | |
| Due: August 31, 2020 | Filed: August 31, 2020 | | |
| **Reproduced Record** | | | |
| Due: June 2, 2020 | Filed: May 30, 2020 | | |

| DOCKET ENTRY |
|---|

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **December 17, 2019** | Notice of Appeal Docketed | | |
| | | Appellant | U Lock Inc. |
| **December 18, 2019** | Docketing Statement Exited (Civil) | | |
| | | | Superior Court of Pennsylvania |
| **January 2, 2020** | Docketing Statement Received (Civil) | | |
| | | Appellant | U Lock Inc. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

BIROS_000278

B83

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number: 1841 WDA 2019**

**Page 3 of 7**



**February 14, 2023**

| DOCKET ENTRY | | | |
|---|---|---|---|
| **Filed Date** | Docket Entry / Representing | Participant Type | Filed By |
| **January 3, 2020** | Order - Rule to Show Cause | | |
| | | | Per Curiam |
| Comment: | Review of this matter indicates that no judgment has been entered on the trial court docket as required by Pa.R.A.P. 301. See Brown v. Philadelphia College of Osteopathic Medicine, 760 A.2d 863 (Pa. Super. 2000) (appeal does not properly lie from order denying post-trial motions, but rather upon judgment entered following disposition of post-trial motions). Pursuant to this Court's policy, Appellant is directed to praecipe the trial court Prothonotary to enter judgment on the decision of the trial court. Appellant is further directed to file with the Prothonotary of the Superior Court within ten (10) days of the date of this Order a certified copy of the trial court docket reflecting the entry of the judgment. Upon compliance with Pa.R.A.P. 301, the notice of appeal previously filed in this case will be treated as filed after the entry of judgment. See Pa.R.A.P. 905(a). Please be aware that failure to comply with these directives may result in dismissal of this appeal without further notice. Johnston the Florist, Inc. v. Tedco Constr. Corp., 657 A.2d 511 (Pa. Super. 1995) (there is no authority for Superior Court to review the merits of an appeal in the face of a refusal by the parties to enter judgment). | | |
| **January 11, 2020** | Response to Rule to Show Cause | | |
| | | Appellant | U Lock Inc. |
| **January 13, 2020** | Order Discharging Rule to Show Cause | | |
| | | | Per Curiam |
| Comment: | The Court having received a response to the rule to show cause, the rule is discharged and the appeal shall proceed. This ruling, however, is not binding upon this Court as a final determination as to the propriety of the appeal. Counsel are advised that the issue may be revisited by the panel to be assigned to the case, and counsel should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning this issue. | | |
| **February 10, 2020** | Trial Court Record Received | | |
| | | | Westmoreland County Civil Division |
| **February 10, 2020** | Briefing Schedule Issued | | |
| | | | Superior Court of Pennsylvania |
| **February 10, 2020** | Trial Court Opinion Received | | |
| | | | Westmoreland County Civil Division |
| **March 19, 2020** | Application for Extension of Time to File Brief - First Request | | |
| | | Appellant | U Lock Inc. |
| **March 19, 2020** | Order Granting Application for Extension of Time to File Brief and Reproduced Record | | |
| | | | Per Curiam |
| **May 6, 2020** | Application for Extension of Time to File Brief - Second Request | | |
| | | Appellant | U Lock Inc. |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

BIROS_000279

B84

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 4 of 7**

**February 14, 2023**



**Superior Court of Pennsylvania**

| DOCKET ENTRY | | | |
|---|---|---|---|
| **Filed Date** | Docket Entry / Representing | Participant Type | Filed By |
| **May 6, 2020** | Order Granting Application for Extension of Time to File Brief and Reproduced Record | | |
| | | | Per Curiam |
| | Comment: Appellant's May 6, 2020 "Application for Extension of Time to File Brief - Second Request," is GRANTED ONLY TO THE EXTENT THAT Appellant's brief and reproduced record are now due in this Court on or before June 1, 2020. | | |
| **May 30, 2020** | Reproduced Record Filed | | |
| | | Appellant | U Lock Inc. |
| | Document Name: Vol 1 | | |
| **May 30, 2020** | Reproduced Record Filed | | |
| | | Appellant | U Lock Inc. |
| | Document Name: Vol 2 | | |
| **June 2, 2020** | Appellant's Brief Filed Late | | |
| | | Appellant | U Lock Inc. |
| | Comment: Brief timely filed, see order of court dated June 10, 2020. | | |
| **June 2, 2020** | Application for Extension of Time to File Brief - Third Request | | |
| | | Appellant | U Lock Inc. |
| **June 3, 2020** | Application to Dismiss | | |
| | | Appellee | Biros, Christine |
| **June 3, 2020** | Answer to Application to Dismiss | | |
| | | Appellant | U Lock Inc. |
| **June 8, 2020** | Paper Version of PACFiled Document Received | | |
| | | Appellant | U Lock Inc. |
| | Document Name: Appellant's Brief | | |
| **June 8, 2020** | Paper Version of PACFiled Document Received | | |
| | | Appellant | U Lock Inc. |
| | Document Name: Reproduced Record/ Vol I | | |
| **June 8, 2020** | Paper Version of PACFiled Document Received | | |
| | | Appellant | U Lock Inc. |
| | Document Name: Reproduced Record/ Vol II | | |
| **June 10, 2020** | Order Granting Application for Extension of Time to File Appellant Brief | | |
| | | | Per Curiam |
| | Comment: AND NOW, upon consideration of the June 2, 2020 "Motion for Nunc Pro Tunc Extension of Time to File Brief," docketed as an "Application for Extension of Time to File Brief - Third Request," the Application is GRANTED. The Prothonotary is DIRECTED to accept Appellant's brief as timely filed on June 2, 2020. | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 5 of 7**

**February 14, 2023**

Superior Court of Pennsylvania



| | DOCKET ENTRY | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **June 10, 2020** | Order | | |
| | | | Per Curiam |
| | Document Name: motion to dismiss | | |
| | Comment: The June 3, 2020 "Plaintiff- Appellee's Motion to Dismiss," docketed as an "Application to Dismiss," is DISMISSED as moot. (one order entered for two motions) | | |
| **June 10, 2020** | Reply Letter(s) Printed | | |
| | | | Superior Court of Pennsylvania |
| **June 25, 2020** | Application for Extension of Time to File Brief - First Request | | |
| | | Appellee | Biros, Christine |
| **June 26, 2020** | Order Granting Application for Extension of Time to File Appellee Brief | | |
| | | | Per Curiam |
| **July 14, 2020** | Auto Submit - Reply Late | | |
| | | | Superior Court of Pennsylvania |
| **July 31, 2020** | Appellee's Brief Filed | | |
| | | Appellee | Biros, Christine |
| **August 4, 2020** | Paper Version of PACFiled Document Received | | |
| | | Appellee | Biros, Christine |
| | Document Name: Appellee's Brief | | |
| **August 11, 2020** | Application for Extension of Time to File Reply Brief | | |
| | | Appellant | U Lock Inc. |
| **August 14, 2020** | Order Granting Application for Extension of Time to File Appellant Reply Brief | | |
| | | | Superior Court of Pennsylvania |
| | Comment: AND NOW, upon consideration of Appellant's August 11, 2020 "Motion for Extension of Time Until August 31, 2020, to File Reply Brief," docketed as an "Application for Extension of Time to File Reply Brief," the Application is GRANTED. Appellant's reply brief is now due on or before August 31, 2020. | | |
| **August 31, 2020** | Appellant's Reply Brief | | |
| | | Appellant | U Lock Inc. |
| **September 4, 2020** | Paper Version of PACFiled Document Received | | |
| | | Appellant | U Lock Inc. |
| | Document Name: reply brief | | |
| **September 9, 2020** | Submission Letter Sent | | |
| | | | Wagner, Bobbi Jo |
| **May 21, 2021** | Affirmed | | |
| | | | Stabile, Victor P. |
| **June 4, 2021** | Application for Reargument | | |
| | | Appellant | U Lock Inc. |
| **June 18, 2021** | Letter in Lieu of Answer to Petition/Motion | | |
| | | Appellee | Biros, Christine |

BIROS_000281

B86

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number: 1841 WDA 2019**

**Page 6 of 7**



**February 14, 2023**

| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **July 28, 2021** | Order Denying Application for Reargument | | |
| | | | Per Curiam |
| | Comment: IT IS HEREBY ORDERED:<br>THAT the application filed June 4, 2021, requesting reargument of the decision dated May 21, 2021, is DENIED. | | |
| **August 27, 2021** | Petition for Allowance of Appeal to PA Supreme Court Filed | | |
| | | Appellant | U Lock Inc. |
| | Comment: 259 WAL 2021 | | |
| **January 19, 2022** | Order Denying Petition for Allowance of Appeal to PA Supreme Court | | |
| | | | Per Curiam |
| | Comment: 259 WAL 2021 | | |
| **February 7, 2022** | Other | | |
| | | | Supreme Court of Pennsylvania |
| | Document Name: Stay record letter | | |
| **March 18, 2022** | Other | | |
| | | | Supreme Court of Pennsylvania |
| | Document Name: Supreme Court Order-HOLD RECORD | | |
| | Comment: Supreme Order dated 3/16/22: Application to stay remand of record pending U.S. Supreme Court Review is GRANTED, with instructions.<br>(DO NOT REMIT ORIGINAL RECORD) | | |

| SESSION INFORMATION |
|---|

Journal Number: J-S43016-20
Consideration Type: Submit Panel
Listed/Submitted Date: September 21, 2020

Panel Composition:

| | |
|---|---|
| The Honorable Jacqueline O. Shogan | Judge |
| The Honorable Victor P. Stabile | Judge |
| The Honorable Megan King | Judge |

| DISPOSITION INFORMATION |
|---|

| | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | J-S43016-20 | Judgment Date: | May 21, 2021 |
| Category: | Decided | Disposition Author: | Stabile, Victor P. |
| Disposition: | Affirmed | Disposition Date: | May 21, 2021 |
| Dispositional Filing: | **Opinion** | Filing Author: | Stabile, Victor P. |
| Filed Date: | 5/21/2021 12:00:00AM | | |

| | | | |
|---|---|---|---|
| Judge: | Shogan, Jacqueline O. | Vote: | Concur in Result |
| Judge: | King, Megan | Vote: | Join |

| REARGUMENT / RECONSIDERATION / REMITTAL |
|---|

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

BIROS_000282

B87

**Appeal Docket Sheet**

**Docket Number: 1841 WDA 2019**

**Page 7 of 7**

**February 14, 2023**

**Superior Court of Pennsylvania**

| REARGUMENT / RECONSIDERATION / REMITTAL |
|---|

Filed Date:          June 4, 2021
Disposition:
Disposition Date:

Record Remittal:
Filed Date:          June 4, 2021
Disposition:        Order Denying Application for Reargument
Disposition Date:  July 28, 2021

Record Remittal:

| CROSS COURT ACTIONS |
|---|

Docket Number:         259 WAL 2021
Court Name:           Supreme
Short Caption:         Biros v. U Lock, Pet
Case Status:           Active
Disposition:          Order Denying Petition for Allowance of Appeal
Disposition Date:      January 19, 2022
Petition Reargument/Reconsideration Filed Date:
Reargument Disposition:
Reargument Disposition Date:
Cross Court Action Type:     Filing of Decision or Opinion

BIROS_000283

B88

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EXHIBIT
**21**

In Re: U LOCK INC.                           Bankruptcy No.: 22-20823-GLT

Debtor,

Chapter    7

SHANNI SNYDER, as assignee of Robert Slone,
Chapter 7 Trustee for U Lock Inc.,

            Plaintiff,

v.                                           Adv. Proc. No.:  23-2020-GLT

CHRISTINE BIROS, and the
BIROS IRREVOCABLE LIFE INSURANCE
TRUST,

            Defendants.

_____

**SHANNI SNYDER'S RESPONSES AND OBJECTIONS TO THE FIRST SET OF
REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS**

AND NOW, comes Shanni Snyder, as assignee of Robert Slone, Chapter 7

Trustee for U Lock, Inc., by and through her undersigned counsel, and submits the

within **RESPONSES AND OBJECTIONS TO THE FIRST SET OF REQUESTS FOR

ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF

DOCUMENTS,** and in support thereof, states as follows:

**RESPONSES TO REQUESTS FOR ADMISSIONS**

1. **Shanni made false statements of material fact in the Petition that she filed on May
   15, 2018 in the Shanni 2018 Bankruptcy.**

BIROS_000284

B89

Shanni Snyder objects to this request for admission in that it is vague, ambiguous, and argumentative. The term "false" is not defined and the request does not ask for any specific fact to be admitted or denied, and Ms. Snyder does not understand the specific fact she is being asked to attest to or investigate. Subject to that response, and in attempting to interpret the request to the best of her ability considering the vague language of the request, she denies that any "false" statement of "material fact" in the Petition she filed occurred. The bankruptcy Petition, Form 101, filed on May 15, 2018, at question 19, "How much do you estimate your assets to be worth?" is based on physical assets and not on intangible property that could not be quantified including lawsuits that were pending and listed on the 2018 schedules and subsequently in the 2022 Amended Schedules. Similarly, the question, "How much do you estimate your liabilities to be?" was based solely on non-disputed debts. All averments of facts made within the Petition were made to the best of her knowledge, information and belief at the time of fling.

2. **Shanni made false statements of material fact in her complaint in the Shanni Civil Action**.

   Shanni Snyder objects to this request for admission in that it is vague, ambiguous, and argumentative. The term "false" is not defined and the request does not ask for any specific fact to be admitted or denied, and Ms. Snyder does not understand the specific fact she is being asked to attest to or investigate. Subject to the objection, it is denied that any knowingly false statement of material fact was made, or that any factual statements contained within the Complaint are known to be false by Ms. Snyder.

3. **Shanni obtained the Judgment by making false statements of material fact under oath.**

   Shanni Snyder objects to this request for admission in that it is vague, ambiguous, and argumentative. The term "false" is not defined and the request does not ask for any specific fact to be admitted or denied, and Ms. Snyder does not understand the specific fact she is being asked to attest to. Subject to the objection, it is denied that any knowingly false statement of material fact under oath was made.

4. **The Judgment is the sole basis for the Abstract of Judgment that Shanni filed with the Court of Common Pleas of Westmoreland County, Pennsylvania at No. 4758 of 2021 on or about December 15, 2021 and attached to Shanni's Claim.**

   Denied. The filing at No. 4758 of 2021 speaks for itself. The Abstract of Judgment identifies both the judgment and the costs taxed against U Lock Inc.

BIROS_000285

5. **Shanni has never had a written employment agreement with U Lock**.

   It is admitted that Shanni Snyder "has never had a written employment agreement with U Lock."

6. **Shanni has never had a written agreement to act as an independent contractor for U Lock.**

   It is admitted that Shanni Snyder had no written agreement to "act as an independent contractor for U Lock."

7. **Shanni has no basis other than the Judgment for her assertion that Shanni's Claim is secured by a lien on real property.**

   Denied. It is denied that Shanni Snyder is asserting a basis that her claim, #1, constitutes a secured claim in this proceeding. By stipulation at Entry 228 between Shanni Snyder, Robert Slone Chapter 7 Trustee of the U Lock Case, and Charles Zebley, Chapter 7 Trustee of the Shanni Snyder case, at paragraphs 30 and 31, for the purposes of this bankruptcy case, it was agreed, "Further, Snyder acknowledges that the Judgment claim she filed in the U Lock case is not secured in the tangible and intangible assets of U Lock. Based upon the foregoing stipulation between Trustee Zebley and Snyder and the fact that Snyder has clarified that she is not asserting a lien in the tangible and intangible assets being sold under the Amended Motion to Sell including a lien in the proceeds of the sale, Trustee Slone has no objection to Snyder bidding as an unsecured creditor on the tangible and intangible assets being sold in the Amended Motion to Sell." Furthermore, at the related hearing, counsel for Shanni Snyder stated on the record that she is not pursuing her proof of claim #1 as an unsecured claim. Therefore, Shanni Snyder does not assert that Proof of Claim #1 constitutes a secured claim in this proceeding as defined by the Bankruptcy Code and, as a result, denies that her Claim, defined at paragraph 6 of page 2 of the discovery request, "is secured."

8. **During the Claimed Employment Period, Shanni did not file any tax returns with the federal Internal Revenue Service or with the Commonwealth of Pennsylvania, Department of Revenue.**

   It is admitted that Shanni Snyder did not file any tax returns with the Internal Revenue Service or the Pennsylvania Department of Revenue. It should be noted, that during the Employment Period Ms. Snyder was not being paid the amount to which she was entitled.

BIROS_000286

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:   Are you aware of the current location of all or any component of any security system or surveillance system in place at the U Lock property at any time during the Claimed Employment Period? If so, identify each such component and its current location. If not, state the last date on which you were aware of the location of any of those components.**

ANSWER:   Shanni Snyder objects to this request because it appears to be related to the surveillance system maintained by U Lock rather than the stand alone cameras monitored by Shanni Snyder. According to filings made by George Snyder and U Lock, in the third quarter of 2022, after George Snyder was excluded from the property, the door to the garage was opened, left opened, and a subsequent inspection revealed that U Lock's surveillance system was taken. All of these documents were filed by George Snyder and U Lock in the 22-20823 case and are of record. However, the "surveillance system" was not the stand alone cameras used by Shanni Snyder to monitor the premises.  On the contrary, the stand alone DropCam cameras were returned to the Hiland Terrace in late January or early to mid February 2020 and left with Alex Mayorga, who was in charge at the time.  Although it is not a "security system" or "surveillance system," it is possible that Ms. Snyder has access to the WIFI Robin-type box and antenna and commits to undertaking a search upon her return to Pennsylvania.  If the WIFI Robin-type box and antenna are not available, then they would have been discarded in mid 2020.

**INTERROGATORY NO. 2: During the Claimed Employment Period, did you make any reports to the North Huntingdon Police, the Pennsylvania State Police, or any other law enforcement agency about activity or conditions that you observed on the U Lock Property? If so, identify the date of each report and the law enforcement agency you contacted.**

ANSWER:  Ms. Snyder does not recall making any such type of report.

**INTERROGATORY NO. 3:**

**Identify the Minor Children and, for each of them, state (a) their date of birth and (b) whether you had sole, shared, or no custody during the Claimed Employment Period. If your answer to (b) is not consistent throughout the entire Claimed Employment Period, state the date or dates on which that status changed.**

ANSWER:   Shanni Snyder objects to this request for discovery as not being relevant to the issues that the Court limited the hearing to be related to.  Specifically, the identities, dates of

birth, and legal custody status have no relevance to this proceeding. The request is improper and meant solely to harass and embarrass Ms. Snyder and to harm the minor children. Additionally, counsel for the minor children, Fred Frank, Esq., interposed objections to seeking this information and if Ms. Biros intends to pursue this request, sufficient opportunity for the children to seek a protective Order should occur. Moreover, Ms. Biros is aware of the approximate age of the children and identities. Therefore, the request appears solely meant to harass. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.

INTERROGATORY NO. 4: **Identify all persons other than Shanni who provided babysitting or other child care services for the Minor Children between the hours of 5 p.m. and 3 a.m. on more than five occasions during the Claimed Employment Period.**

ANSWER: Shanni Snyder objects to this request for discovery as not being relevant to the issues that the Court limited the hearing to be related to. Specifically, the identities of persons who provided babysitting and other child care services for the Minor children lack any relevance. Ms. Biros does not need to contact babysitters for the minor children and the identities of such persons cannot plausibly advance the assertion by Ms. Biros that Ms. Snyder did not watch a remote camera. The request is improper and meant solely to harass and embarrass Ms. Snyder and the minor children. Additionally, counsel for the minor children, Fred Frank, Esq., interposed objections to seeking this information and if Ms. Biros intends to pursue this request, sufficient opportunity for the children to seek a protective Order should occur. Therefore, the request appears solely meant to harass. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.

INTERROGATORY NO. 5: **Did you apply for or receive SSDI benefits, SSI benefits, or any other Government Benefit on your own behalf at any time during the Claimed Employment Period? If so, identify the nature of those benefits, the date of your application, and, for each benefit that you received, the dates or time periods for which you received those benefits and the amount of those benefits.**

ANSWER: Shanni Snyder objects to this request for discovery as not being relevant to the issues that the Court limited the hearing to be related to. Specifically, there exists no real dispute that U Lock did not pay Ms. Snyder and whether or not she received some for of Government Benefit lacks any relevance. However, to the extent that SSDI and SSI benefits may be relevant as they form a claim that a person is disabled and unable to work, Ms. Snyder states that she neither applied for nor received any form of disability payment such as SSDI or SSI. As to any

other benefit she may have received, it would not be relevant and is meant to cause embarrassment.

 INTERROGATORY NO. 6: **Did you apply for or receive any Government Benefit on behalf of any of the Minor Children at any time during the Claimed Employment Period? If so, identify the nature of those benefits, the date of your application, and, for each benefit that you received, the dates or time periods for which you received those benefits and the amount of those benefits.**

ANSWER: Shanni Snyder objects to this request for discovery as not being relevant to the issues that the Court limited the hearing to be related to. Specifically, the identities of persons who provided babysitting and other child care services for the Minor children lack any relevance. Ms. Biros does not need to contact babysitters for the minor children and the identities of such persons cannot plausibly advance the assertion by Ms. Biros that Ms. Snyder did not watch a remote camera. The request is improper and meant solely to harass and embarrass Ms. Snyder and the minor children. Additionally, counsel for the minor children, Fred Frank, Esq., interposed objections to seeking this information and if Ms. Biros intends to pursue this request, sufficient opportunity for the children to seek a protective Order should occur. Therefore, the request appears solely meant to harass. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.


INTERROGATORY NO. 7: **Did you make any application for educational financial aid or any other direct or indirect financial assistance, either on your own behalf or on behalf of any Minor Children, from any private source at any time during the Claimed Employment Period? If so, identify each private entity to which you made an application and, for each entity, the dates of every application to it and the nature and amount of any assistance received.**

ANSWER: Shanni Snyder objects to this request for discovery as not being relevant to the issues that the Court limited the hearing to be related to. Specifically, educational financial aid and other direct or indirect financial assistance the children may be eligible for lacks any relevance. Ms. Biros does not need to contact babysitters for the minor children and the identities of such persons cannot plausibly advance the assertion by Ms. Biros that Ms. Snyder did not watch a remote camera. The request is improper and meant solely to harass and embarrass Ms. Snyder and the minor children. Additionally, counsel for the minor children, Fred Frank, Esq., interposed objections to seeking this information and if Ms. Biros intends to pursue this request, sufficient opportunity for the children to seek a protective Order should occur. Therefore, the request appears solely meant to harass. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.

INTERROGATORY NO. 8:

**Did anyone assist you in preparing the complaint that you filed in the Shanni Civil Action? If so, identify all persons who assisted you in that activity.**

ANSWER:  This interrogatory has no relevance to the hearing and would not be dispositive of whether Ms. Snyder's judgment is valid or whether she performed services for U Lock.  This interrogatory specifically requests work product and litigation production information and does not have any relevance to whether or not Ms. Snyder provided services to U Lock.  Fed. R. Civ. Proc.26(b)(3)(A) protects information prepared in anticipation of litigation by the party or the party's representative, which would include Ms. Snyder's Complaint.   Moreover, if Ms. Snyder consulted with an attorney, or received information on how to fill out the model form she used, Ms. Snyder does not need to disclose the identity of attorneys who help her draft legal documents to the Court or to the parties. See Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility and Philadelphia Bar Association Professional Guidance Committee Joint Formal Opinion 2011-100 ("A Lawyer Is Not Required Under the Rules of Professional Conduct to Disclose a Limited Scope Engagement to an Opposing Party or to the Court in a Litigation Matter").  the American Bar Association (ABA) Standing Committee on Ethics and Professional Responsibility has recognized legal ghostwriting as a form of "unbundling" of legal services, or limited scope representation. ABA Standing Comm. on Ethics & Prof'l Responsibility, Formal Op. 07-447 (2007). The committee stated that "[l]itigants ordinarily have the right to proceed without representation and may do so without revealing that they have received legal assistance in the absence of a law or rule requiring disclosure."  Without waiving the objection, Ms. Snyder will provide a response that may be relevant, which is, "I did not consult with any member of my family or J. Allen Roth, U Lock's attorney about the Complaint I filed."

 INTERROGATORY NO. 9:

**Did you take any overnight trips during the Claimed Employment Period? If so, set forth the dates and destinations of all such trips.**

ANSWER:   The term "trip" is not defined.  According to the Merriam-Webster website, a "trip" in the noun form is defined as "a voyage, journey," or "a single round or tour on a business errand."  Shanni Snyder does not recall any "trip" that lasted overnight, meaning either a personal or business "voyage" or "journey" or vacation during the time period. During the

second quarter of 2016, several days were spent as an inpatient, but access to her telephone remained available. In addition, frequent overnight trips were taken to the house of the paternal guardian of the children, who lives approximately one hour from her house. None of these "trips" are relevant to Ms. Snyder's services provided to U Lock.

INTERROGATORY NO. 10:

**For each request you made to U Lock for payment for your services prior to filing the Shanni Civil Action, state the date of that request, the person to whom you made that request, the medium by which you made that request, and whether you recorded any response to that request.**

ANSWER: Ms. Snyder does not have a list of the dates she spoke with U Lock about receiving payment. In early 2016, George Snyder verbally promised Ms. Snyder that she would ultimately receive payment in excess of minimum wage. At various times, Ms. Snyder conversed with Mr. Snyder. During the third quarter of 2019, Mr. Snyder had at least one conversation with Ms. Snyder. Approximately ten days before filing the lawsuit, Ms. Snyder had a conversation with Mr. Snyder. All conversations were verbal, in person, or telephonic. Ms. Snyder did not violate 18 Pa.C.S. 5704 and unlawfully record the call.

<u>RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**1. All documents concerning any security system or surveillance system in place at the U Lock Property at any time during the Claimed Employment Period, including without limitation any and all plans, schematics, purchase orders, complaints, repair records, maintenance records, invoices, payment records, communications, and recordings of surveillance.**

Shanni Snyder objects to this request because it appears to be related to the surveillance system maintained by U Lock rather than the stand alone cameras monitored. Based on information from George Snyder in filings from this case, U Lock maintained a video surveillance system. After Christine Biros took possession of the property and the Trustee directed Mr. Snyder not to visit in October 2022, the door to the garage appeared open and the video system removed. Shanni Snyder does not know what Ms. Biros, or the person who took the system, did with said and she has no knowledge about the system. All of these records are within the public docket in the 22-20823 case. Ms. Snyder did not utilize that system, does not know its specifications, brand, or capabilities and it was exclusively used by either U Lock's officers or the tenants. However, U Lock's "surveillance system" are not the cameras used to monitor the site remotely. There was no "security system" or "surveillance system" used by Ms. Snyder. On the contrary,

Ms. Snyder used simple DropCam/Nest stand alone cameras taken from the Hiland Terrace Hotel. As there were several cameras, some in use and some not, at Hiland Terrace, she cannot determine which specific camera was used at U Lock, whether it is now in service or was taken out of service, replaced, or discarded. As to invoices, the cameras operate through a free app previously known as Dropcam. Cloud storage does not occur with the free version and, to the extent Hiland Terrace had cloud recording service and Ms. Snyder did not realize it was part of their package, the recordings are auto-deleted in approximately fourteen days.

Ms. Snyder does not have physical manuals or documentation, but research on the use of DropCam cameras can be located through a simple Google search.

**2. All documents concerning any reports that you made to the North Huntingdon Police, the Pennsylvania State Police, or any other law enforcement agency during the Claimed Employment Period about activity or conditions that you observed on the U Lock Property.**

As explained in the interrogatory, Ms. Snyder does not recall making any reports to the North Huntingdon Police or the Pennsylvania State Police, or other law enforcement agency "about activity or conditions" that she observed on the U Lock property.

**3. All documents constituting or concerning any communications during the Claimed Employment Period about surveillance or monitoring of the U Lock Property, whether to or from a representative of U Lock or to or from any other person.**

After conducting a reasonable search, Shanni Snyder was unable to locate any documents.

**4. All documents constituting or concerning any agreement between you and U Lock providing for compensation for the services which you provided to U Lock.**

After conducting a reasonable search, Shanni Snyder was unable to locate any documents.

**5. All documents concerning the proceeding captioned Snyder v. Weinstein that was filed in the Court of Common Pleas of Westmoreland County, Pennsylvania on or about April 9, 2018 at Case No. 18DO00617, including without limitation all petitions, preliminary objections, pleadings, and communication between the parties to that proceeding.**

This request relates to a child custody matter initiated for the purposes of determining the best interest of the children. The case was withdrawn without adjudication. The request is overly broad, would not lead to discoverable information, and would harm third parties including the minor children. None of the documents have any relationship or relevancy to the objection to

Claim #1 belonging to Shanni Snyder.  The request appears meant to cause annoyance, embarrassment, and oppression as to the minor children.   In addition, Shanni Snyder does not maintain the case file.  On the contrary, upon withdrawal of the case, all of the documents in question were provided to the paternal guardian of the children, who is now acting as counsel for the minor children.  The case file is in the custody of counsel for the minor children, Fred Frank.  Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.  Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.

**6. All documents concerning the proceeding captioned Weinstein v. Snyder that was filed in the Court of Common Pleas of Allegheny County, Pennsylvania on or about January 19, 2018 at FD No. 18-007122, including without limitation all petitions, preliminary objections, pleadings, and communication between the parties to that proceeding.**

This request relates to a child custody matter initiated for the purposes of determining the best interest of the children.  The case was withdrawn without adjudication.  The request is overly broad, would not lead to discoverable information, and would harm third parties including the minor children.   None of the documents have any relationship or relevancy to the objection to Claim #1 belonging to Shanni Snyder.  The request appears meant to cause annoyance, embarrassment, and oppression as to the minor children.   In addition, Shanni Snyder does not maintain the case file.  On the contrary, upon withdrawal of the case, all of the documents in question were provided to the paternal guardian of the children, who is now acting as counsel for the minor children.  The case file is in the custody of counsel for the minor children, Fred Frank.  Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.

**7. All applications for Government Benefits, whether on your own behalf or on behalf of any Minor Children, that you submitted during the Claimed Employment Period.**

With respect to the request for documents relating to Government Benefits relating to Shanni Snyder, she has performed a search for records and does not have any records.  Ms. Snyder has never applied for cash benefits. A request for other types of "financial assistance" is submitted directly at the relevant offices and no copies are provided.  Even if they did exist, Ms. Snyder objects to disclosure as they would not lead to relevant information.  Specifically, requests for benefits usually ask for income, not debts owed to a person.  As an example, the Pennsylvania Department of Human Services application contained online simply asks, "Total monthly income, for you and anyone who is applying, before taxes are taken out: $."  Ms. Snyder never

stated she received any income for services performed at U Lock and, therefore, this information would not lead to discoverable information. In addition, it appears that this request is meant to cause embarrassment and annoyance rather than lead to discoverable information.

With respect to requests relating to the minor children, the request is overly broad, would not lead to discoverable information, and would harm third parties including the minor children. None of the documents have any relationship or relevancy to the objection to Claim #1 belonging to Shanni Snyder. The request appears meant to cause annoyance, embarrassment, and oppression as to the minor children. Nothing in the children's applications would shed light on the dispute relating to Claim #1. The paternal guardian of the minor children has voiced his objection to the disclosure of this information and it would be improper to disclose anything until an opportunity exists for him to obtain a protective order. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.

8. **All documents concerning receipt during the Claimed Employment Period of any Government Benefits on your own behalf or on behalf of any Minor Children.**

With respect to the request for documents relating to Government Benefits relating to Shanni Snyder, she has performed a search for records and does not have any records. Ms. Snyder has never applied for cash benefits. A request for other types of "financial assistance" is submitted directly at the relevant offices and no copies are provided. Even if they did exist, Ms. Snyder objects to disclosure as they would not lead to relevant information. Specifically, requests for benefits usually ask for income, not debts owed to a person. As an example, the Pennsylvania Department of Human Services application contained online simply asks, "Total monthly income, for you and anyone who is applying, before taxes are taken out: $." Ms. Snyder never stated she received any income for services performed at U Lock and, therefore, this information would not lead to discoverable information. In addition, it appears that this request is meant to cause embarrassment and annoyance rather than lead to discoverable information.

With respect to requests relating to the minor children, the request is overly broad, would not lead to discoverable information, and would harm third parties including the minor children. None of the documents have any relationship or relevancy to the objection to Claim #1 belonging to Shanni Snyder. The request appears meant to cause annoyance, embarrassment, and oppression as to the minor children. Nothing in the children's applications – if any – would shed light on the dispute relating to Claim #1. The paternal guardian of the minor children has voiced his objection to the disclosure of this information and it would be improper to disclose

anything until an opportunity exists for him to obtain a protective order. Finally, for the reasons stated by the Court at the June 5, 2023, hearing, the request for the children's information is not appropriate.


**9. All documents concerning any application for educational financial aid or any other direct or indirect financial assistance, either on your own behalf or on behalf of any Minor Children, from any private source at any time during the Claimed Employment Period**.

With respect to the request for documents relating to educational financial aid relating to Shanni Snyder, she has performed a search for records and does not have any records. Even if they did exist, Ms. Snyder objects to disclosure as they would not lead to relevant information. In addition, it appears that this request is meant to cause embarrassment and annoyance rather than lead to discoverable information.

With respect to requests relating to the minor children, the request is overly broad, would not lead to discoverable information, and would harm third parties including the minor children. None of the documents have any relationship or relevancy to the objection to Claim #1 belonging to Shanni Snyder. The request appears meant to cause annoyance, embarrassment, and oppression as to the minor children. Nothing in the children's applications – if any– would shed light on the dispute relating to Claim #1. The paternal guardian of the minor children has voiced his objection to the disclosure of this information and it would be improper to disclose anything until an opportunity exists for him to obtain a protective order. Moreover, for the reasons stated on the record at the hearing of June 5, 2023, the request for the children's records appears inappropriate, at best.

**10. All documents concerning receipt during the Claimed Employment Period of any educational financial aid or any other direct or indirect financial assistance, either on your own behalf or on behalf of any Minor Children, from any private source at any time during the Claimed Employment Period.**

With respect to the request for documents relating to financial aid relating to Shanni Snyder, she has performed a search for records and does not have any records. Even if they did exist, Ms. Snyder objects to disclosure as they would not lead to relevant information. In addition, it appears that this request is meant to cause embarrassment and annoyance rather than lead to discoverable information.

With respect to requests relating to the minor children, the request is overly broad, would not lead to discoverable information, and would harm third parties including the minor children. None of the documents have any relationship or relevancy to the objection to Claim #1

belonging to Shanni Snyder.  The request appears meant to cause annoyance, embarrassment, and oppression as to the minor children.  Nothing in the children's applications – if any–  would shed light on the dispute relating to Claim #1.  The paternal guardian of the minor children has voiced his objection to the disclosure of this information and it would be improper to disclose anything until an opportunity exists for him to obtain a protective order.  Moreover, for the reasons stated on the record at the hearing of June 5, 2023, the request for the children's records appears inappropriate, at best.

**11. All calendars, schedules, planners, diaries, activity logs and other documents showing your activities at any time during the Claimed Employment Period, including without limitation all such documents created or maintained on a computer, in an electronic application, or in any other electronic format.**

After a reasonable search, Shanni Snyder could not locate any responsive records.

**12. All social media postings, including without limitation postings on Facebook, Instagram, MySpace, or LinkedIn, that you created during the Claimed Employment Period.**

After a reasonable search, Shanni Snyder could not locate any "social media postings" that she created during the Claimed Employment Period.

**13. All records of any travel in which you engaged during the Claimed Employment Period.**

The request for records of "Travel" is overly broad, unintelligible, and not related in any way to the issues for the upcoming hearing.  "Travel" is not defined; however, Shanni Snyder interprets the request as relating to the "trips" in the interrogatories.  After a reasonable search for records, Shanni Snyder could not locate any responsive records.

**14. All documents constituting or concerning communications about the Shanni Civil Action.**

Shanni Snyder refers Ms. Biros to the documents filed in the case which can be downloaded free at:
https://www.courtlistener.com/docket/60057981/snyder-v-u-lock-inc/

The only other communications would be post-judgment correspondence in connection with this bankruptcy that occurred between Shanni Snyder and John Joyce, Esq. and between Shanni Snyder and undersigned counsel of which providing a log would disclose work product and not be discoverable under Rule 26(b)(3) or (5), and would otherwise be extremely burdensome to recreate considering the "expense of the proposed discovery outweighs its likely benefit" considering the value of the disputed claim in this case is extremely low as the estate has no assets, and the cost of having counsel review clearly privileged emails to Mr. Joyce or the undersigned would be a time wasting exercise.

**15. All documents constituting or concerning any demand you made to U Lock for compensation for any services that you provided to U Lock during the Claimed Employment Period.**

After a reasonable search for records, Shanni Snyder could not locate any responsive documents. Shanni Snyder did file the lawsuit in the United States District Court and had it served upon U Lock Inc.  Ms. Biros has copies of these documents.

**16. All tax returns that you filed during the Claimed Employment Period with the federal Internal Revenue Service or with the Commonwealth of Pennsylvania, Department of Revenue.**

As tax returns involve filing "income," and Shanni Snyder received no payment from U Lock, no relevant information would be on a tax return.  Tax returns should not be disseminated broadly. *S.E.C. v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y. 1985). Federal policy suggests a tax return should be disclosed only to the extent necessary to serve justice. 26 U.S.C. §§ 6103, 7213(a) (2010); *see Payne v. Howard,* 75 F.R.D. 465, 469–70 (D.D.C. 1977) ("[C]ourts have broadly construed these provisions to embody a general federal policy against indiscriminate disclosure of tax returns from whatever source.").  Moreover, notwithstanding the objections, Shanni Snyder admitted she did not file tax returns meaning there would not be any responsive records.

BIROS_000297

Respectfully Submitted,

Date: <u>June 12, 2023</u>                                    <u>/s/ David L. Fuchs</u>
                                                            DAVID L. FUCHS
                                                            PA I.D. #205694
                                                            Fuchs Law Office, LLC
                                                            554 Washington Ave, First Floor
                                                            Carnegie, PA  15106
                                                            (412) 223-5404 (phone)
                                                            (412) 223-5406 (facsimile)
                                                            dfuchs@fuchslawoffice.com

                                                            AND

                                                            <u>/s/ John P. Lacher</u>
                                                            JOHN P. LACHER
                                                            PA I.D.#62297
                                                            The Lynch Law Group
                                                            501 Smith Drive, Suite 3
                                                            Cranberry Township, PA 16066
                                                            (724) 776-8000
                                                            (724) 776-8001
                                                            jlacher@lynchlaw-group.com

BIROS_000298

B103

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re: U LOCK INC.                                    Bankruptcy No.: 22-20823-GLT

                              Debtor,

                                                     Chapter        7

_____

SHANNI SNYDER, as assignee of Robert Slone,
Chapter 7 Trustee for U Lock Inc.,

          Plaintiff,

v.                                                   Adv. Proc. No.:  23-2020-GLT

CHRISTINE BIROS, and the
BIROS IRREVOCABLE LIFE INSURANCE
TRUST,

          Defendants.

## <u>CERTIFICATE OF SERVICE</u>

David L. Fuchs hereby certifies, that on the <u>12th</u> day of June, 2023, a true and

correct copy of the foregoing **RESPONSES AND OBJECTIONS TO THE FIRST SET**

**OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR**

**PRODUCTION OF DOCUMENTS** was served upon the following *(via electronic*

*service):*

Office of the U.S. Trustee
970 Liberty Center
Bldg.1001 Liberty Avenue
Pittsburgh, PA 15222

Robert H. Slone, Trustee
223 South Maple Avenue
Greensburg, PA 15601

BIROS_000299

B104

Daniel McArdle Booker
Robert S. Bernstein
Kirk Burkley
Lara S. Martin
Bernstein Burkley, P.C.
601 Grant Street, Floor 9
Pittsburgh, PA 15219
rbernstein@bernsteinlaw.com
lmartin@bernsteinlaw.com
kburkley@bernsteinlaw.com


Date: June 12, 2023                              /s/ David L. Fuchs
                                                 DAVID L. FUCHS
                                                 PA I.D. #205694
                                                 Fuchs Law Office, LLC
                                                 554 Washington Ave, First Floor
                                                 Carnegie, PA  15106
                                                 (412) 223-5404 (phone)
                                                 (412) 223-5406 (facsimile)
                                                 dfuchs@fuchslawoffice.com

BIROS_000300

## **VERIFICATION**

I declare under the penalty for perjury that the statements of fact made in the foregoing **RESPONSES TO REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUST FOR PRODUCTION OF DOCUMENTS** are true and correct to the best of my knowledge, information and belief.  28 USC 1746.

_____
Shanni Snyder



David L. Fuchs, Esquire
*licensed in PA & FL*
dfuchs@fuchslawoffice.com

Teresa K. Fuchs, Esquire
*licensed in PA & WV*
tfuchs@fuchslawoffice.com

(Via Email Only)

June 20, 2023

Stuart C. Gaul
Bernstein Burkley
601 Grant Street
9th Floor
Pittsburgh, PA 15219

> Re:    U Lock, Inc.

EXHIBIT
**22**

Mr. Gaul:

This letter is in response to your letter dated June 15, 2023, regarding various discovery matters.  To that end, be advised as follows:

### Request for Admission No. 7

We have not conducted research on the issue of whether there exists another basis for her claim.  However, initially any secured status would be based upon the judgment. Further, we stand by our response that the claim is unsecured for the bankruptcy action.  We do not understand the purpose of seeking to obtain an admission as to a moot question unless Ms. Biros is attempting to conduct discovery related to other proceedings, which is improper.  See Rule 36 ("An admission under this rule **is not an admission for any other purpose** and cannot be used against the party in any other proceeding.").  As the claim is unsecured for the purpose of this bankruptcy, an admission or denial would produce the same result-- non-relevance.

### Interrogatory No. 5

The scheduling Order states that the sole issue at the hearing is whether Ms. Snyder's Claim #1 is valid.  Her "assets" and "income" would have no relevancy with respect to this as she would still be entitled to compensation for services rendered to the Debtor regardless of said "assets" or "income".  Ms. Snyder can state that she never listed U Lock on any application for benefits since the question would be one of "income" and she received no income from U Lock.  Ms. Snyder can state that she never received income from U Lock or other form of compensation and, therefore, did not list U Lock as a source of income or revenue on any application for benefits.  To the extent you are requesting whether Ms. Snyder identified during that time period that she was not employed, there are no applications which make such an assertion.  Ms. Snyder believes that she did

request assistance under the SNAP program and medical benefit assistance.  Ms. Snyder does not have any records of any such applications.

## Interrogatory No. 8

The interrogatory did not ask for any reasons why the District Court action was brought.  Ms. Snyder's response is limited to the clear and unambiguous language in the interrogatory which she feels is objectionable.  This information is simply not appropriate for discovery relating to the validity of Proof of Claim #1.  Your letter fails to identify any relevancy for this information.  Furthermore, a review of the Complaint filed demonstrates that it is a simple form made available to the public for such filings.  Without waiver of any privileges, Ms. Snyder will state that she did not receive assistance with the form Complaint that was filed.

## Request for Production No. 1

The response speaks for itself as a clarification was needed because your firm seems to be referring to a security or surveillance system that it is understood may have been removed and in possession of your client, but which has nothing to do with Ms. Snyder's Proof of Claim #1.  Other than the clarifications listed in our response and reasoning, no responsive records were located and our client does not have "plans, schematics, purchase orders, complaints, repair records, maintenance records, invoices, payment records, communications, and records of surveillance." Based on information, Dropcam did provide "push notifications" through the application, but these records are not stored and self-delete.  The DropCam app has been discontinued, the most current information on notification is from nest.com which states, "Nest camera alerts are notifications you receive on your phone or tablet when your Google Nest camera or doorbell detects important activity. Camera notifications are managed in the Google Home app or the Nest app." It is believed that the process was similar, albeit through a prior version of the App not affiliated with Google Home.  It is believed that these notifications would overwrite themselves or disappear within a day of receipt.  To that end, Ms. Snyder has no information to produce.

## Request for Production No. 2

First, this request for production is nonsensical and we cannot determine precisely what information is being sought herein.  Furthermore, it is unclear how any such information remotely relates to the issues before the Court.  Additionally, Ms. Snyder is not required to expand upon the language of the request for documents.  The use of quotes neither limits the response nor expands upon the language used in the request. Furthermore, all records would be maintained by the police department and all records sought would be available from them.  It is our understanding that police reports from North Huntingdon Township are not automatically provided to the person making the report -- even where the complainant requests it -- unless they file an Open Records request.  Ms. Snyder never filed an Open Records request or ever sought a copy of a police report relating to U Lock, therefore, she would not have any responsive records.   In addition, your office

BIROS_000303

B108

asked an interrogatory which was answered by Ms. Snyder and should alleviate any concerns with respect to quotations around your office's own language, namely, that Ms. Snyder does not recall ever submitting such a report.

### Request for Production No. 7

Based on the quashing of the subpoena directed to Central Catholic for similar records and the concerns of the Court, this request is objectionable. Nevertheless, to reduce litigating an issue for records that are not in Ms. Snyder's control, applicants of benefits would not ordinarily possess these types of records, the agency would. Applications are submitted to agencies and are normally filled out *at the office* of any agency and, if submitted, would not be retained by Ms. Snyder in the ordinary course of business. Again, Ms. Snyder does not have any such records in her possession.

### Request for Production 14

There are no "earlier communications" (pre- U Lock bankruptcy) that exist. Mr. Joyce's office was not retained or consulted with until the sale motion. Ms. Snyder's present counsel was not retained until after the sale motion. Therefore, there would be no "pre-bankruptcy" communications. In further consulting with Ms. Snyder, the only responsive records would have been PACER notifications from the Court which were deleted upon receipt in 2021. There is simply no basis to request information concerning communications between Ms. Snyder and her current and former counsel of record and this request appears nothing more than an overt attempt to cause undue expense to Ms. Snyder.

Very Truly Yours

David L. Fuchs

c:    Shanni Snyder
      John Lacher

BIROS_000304

# FUCHS
## LAW OFFICE, LLC

554 Washington Ave., First Floor
Carnegie, PA 15106
Phone: (412) 223-5404
Email: dfuchs@fuchslawoffice.com

July 6, 2023

Stuart C. Gaul, Jr.
Bernstein Burkley
601 Grant Street, 9th Floor
Pittsburgh, pA 15219
sgaul@bernsteinlaw.com

> **EXHIBIT**
> **23**

Re:    Claim Objection Hearing

## SUPPLEMENTAL DISCOVERY RESPONSES

Stuart:

In response to your request and discussions concerning supplemental responses to discovery, Ms. Snyder states as follows:

RFA #7.  There is no need to update this response.  Ms. Snyder is not asserting a secured claim at this time and any such inquiry is irrelevant and not likely to lead to the discovery of relevant information.  The initial submission that the claim was secured was based on the judgment.  No research has been conducted as to the secured nature of the claim as it is moot.  As such, the denial is proper and no update to this response is required.

Interrogatory #8: Ms. Snyder's position remains that, regardless of whether the answer is "no," the line of questioning is objectionable for the reasons in the ethics opinions and would not be something that an opposing party should receive via discovery.  The Complaint is a simple, written document which speaks for itself.

Request for Documents 1: .  To be clear, Ms. Snyder would have access to the same information and manuals related to Dropcam/Nest cameras that is available on the internet and respective Dropcam/Nest website that your office would.  To the extent this is under her control, she refers Ms. Biros to the Google search engine where "nest cam manual" and "dropcam manual" would be the relevant search term.  Therefore, we see no reason to expand the original answer.  Without waiver of the forgoing, links to information are below:

Get started with your Nest camera - Google Nest Help

Dropcam Setup - Dropcam Security Cameras

BIROS_000305

Request for Documents 2:  As stated, Ms. Snyder does not recall making a police report as to the U Lock facility.  To the extent she did, said reports would not be under her control, but would be accessed via public records request.  Ms. Snyder does not have any copies of any such reports.  She has undertaken a search and located no responsive records.  We stand by our original response and the additional information was to provide you with clarification.

Request for Documents 7:  Ms. Snyder has not stated that she "may have documents responsive," but stated that, "she has performed a search for records and does not have any records."  We provided further information to clarify why she would not have the records and why, even if she did, they would not be relevant.  We stand by this response and objection.

Request for Documents 14.  There exists no reason for Ms. Snyder to update this response.  It specifically states, "The only other communications would be post-judgment correspondence in connection with this bankruptcy that occurred between Shanni Snyder and John Joyce, Esq. and between Shanni Snyder and undersigned counsel ."  These communications are privileged and require no further response.

In addition to the forgoing, Ms. Snyder provides the following information:

1. During the Claimed Employment Period, did any minor children live with you? If so, how many?

   Response:  Ms. Snyder objects to this request as irrelevant and not likely to lead to the discovery of relevant information and will object at trial to any questions of this nature.  Without waiver of the foregoing, During most of the period, two young children lived with Ms. Snyder at times, but at other times, the cildren lived with their father.  Ms. Snyder and her partner coparented during the entire period. There existed no set schedule, no record of exchanges, etc. but it can be assumed that the children spent between 40% and  60% of the time with Ms. Snyder depending on the season.  At times during the exchanges, the parties remained together (e.g., Ms. Snyder staying at her partners house).   (Towards the beginning of the period, Shanni's teenage son also lived with her and continued to do so after he reached the age of majority).

2. Did the minor children live with anyone else during the Claimed Employment Period? If yes, what percentage of the time did they live with you and what percentage of the time did they live with any other person?

   Ms. Snyder objects to this request as irrelevant and not likely to lead to the discovery of relevant information and will object at trial to any questions of this nature.  During most of the period, two young children lived with Ms. Snyder at times, but at other times lived with their father.  Ms. Snyder and her partner coparented during the entire period.  There existed no set schedule, no record of exchanges, etc. but it can be assumed that the children spent between 40 and  60% of the time with Ms. Snyder depending on the season.  At times during the exchanges, the parties remained together (e.g., Ms. Snyder staying at her partners house).

BIROS_000306

3. During the Claimed Employment Period, did you have any childcare assistance during the hours of 5pm and 3am? If so, please describe the nature and frequency of that assistance.

Ms. Snyder objects to this request as irrelevant and not likely to lead to the discovery of relevant information and will object at trial to any questions of this nature. No professional childcare assistance occurred. At times, the children's father maintained custody. At other times, the parties were together and the father assisted with the children. During most of the period, two young children lived with Ms. Snyder at times, but at other times lived with their father. Ms. Snyder and her partner coparented during the entire period. At times during the exchanges, the parties remained together (e.g., Ms. Snyder staying at her partners house). There existed no set schedule, no record of exchanges, etc. Finally, Shanni's near adult (and ultimately adult) son lived with her and the children and at times would spend time with or supervise the children.

A verification from Ms. Snyder is attached hereto regarding the forgoing factual averments. Please contact me if you wish to discuss this matter further.

Very Truly Yours,


David L. Fuchs

C:    Shanni Snyder
       John Lacher

BIROS_000307

**VERIFICATION**

I verify under the penalty for perjury that the statements of fact made in the

foregoing **SUPPLEMENTAL DISCOVERY RESPONSES** are true and correct to the

best of my knowledge, information and belief. 28 USC 1746.

Date: __7/6/2023_                    _____

                                                    Shanni Snyder

BIROS_000308

B113

EXHIBIT
**24**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re: U LOCK INC.                                         Bankruptcy No.: 22-20823-GLT

                          **Debtor,**

                                        **Chapter        7**

### SHANNI SNYDER'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

AND NOW, comes Shanni Snyder, by and through her undersigned counsel, and submits the within **SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS,** and in support thereof, states as follows:

### RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 8:

**Did anyone assist you in preparing the complaint that you filed in the Shanni Civil Action? If so, identify all persons who assisted you in that activity.**

ANSWER:  Without waiver of the objections previously submitted in response to this Interrogatory, Ms. Snyder states that she received no assistance in the preparation of the complaint filed in the action.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**1. All documents concerning any security system or surveillance system in place at the U Lock Property at any time during the Claimed Employment Period, including without limitation any and all plans, schematics, purchase orders, complaints, repair records, maintenance records, invoices, payment records, communications, and recordings of surveillance.**

BIROS_000309

B114

Without waiver of the previously submitted objections, Ms. Snyder states that she has no such information or documentation to produce.

**2. All documents concerning any reports that you made to the North Huntingdon Police, the Pennsylvania State Police, or any other law enforcement agency during the Claimed Employment Period about activity or conditions that you observed on the U Lock Property.**

Without waiver of the previously submitted objections, Ms. Snyder states that she has no such information or documentation to produce.

**7. All applications for Government Benefits, whether on your own behalf or on behalf of any Minor Children, that you submitted during the Claimed Employment Period.**

Without waiver of the previously submitted objections, Ms. Snyder states that she has no such information or documentation to produce.

**8. All documents concerning receipt during the Claimed Employment Period of any Government Benefits on your own behalf or on behalf of any Minor Children.**

Without waiver of the previously submitted objections, Ms. Snyder states that she has no such information or documentation to produce.

**14. All documents constituting or concerning communications about the Shanni Civil Action.**

Without waiver of the previously submitted objections, Ms. Snyder states that she has no such information or documentation to produce.

BIROS_000310

B115

Respectfully Submitted,

Date: <u>July 11, 2023</u>

<u>/s/ David L. Fuchs</u>
DAVID L. FUCHS
PA I.D. #205694
Fuchs Law Office, LLC
554 Washington Ave, First Floor
Carnegie, PA  15106
(412) 223-5404 (phone)
(412) 223-5406 (facsimile)
<u>dfuchs@fuchslawoffice.com</u>

AND

<u>/s/ John P. Lacher</u>
JOHN P. LACHER
PA I.D.#62297
The Lynch Law Group
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
(724) 776-8000
(724) 776-8001
<u>jlacher@lynchlaw-group.com</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In Re: U LOCK INC.                                    Bankruptcy No.: 22-20823-GLT

                              Debtor,

                                                  Chapter        7

             Defendants.

**CERTIFICATE OF SERVICE**

    David L. Fuchs hereby certifies, that on the 11th day of July, 2023, a true and

correct copy of the foregoing **SUPPLEMENTAL RESPONSES AND OBJECTIONS TO**

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** was

served upon the following *(via electronic service)*:

Stuart C. Gaul, Jr.
Sarah E. Wenrich
Bernstein-Burkley, P.C.
601 Grant Street
9th Floor
Pittsburgh, PA 15219
sgaul@bernsteinlaw.com
swenrich@bernsteinlaw.com


Date: July 11, 2023                */s/ David L. Fuchs*
                                    DAVID L. FUCHS
                                      PA I.D. #205694
                                      Fuchs Law Office, LLC
                                      554 Washington Ave, First Floor
                                      Carnegie, PA  15106
                                      (412) 223-5404 (phone)
                                      (412) 223-5406 (facsimile)
                                      dfuchs@fuchslawoffice.com

BIROS_000312

B117

## VERIFICATION

I verify under the penalty for perjury that the statements of fact made in the foregoing **SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** are true and correct to the best of my knowledge, information and belief. 28 USC 1746.

Date: ___7/11/2023___              _____

Shanni Snyder

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing

SUPPLEMENTAL APPENDIX OF APPELLEE CHRISTINE BIROS

was served this 30th day of July, 2024 on all parties and counsel of

record via this Court's CM/ECF system.

*/s/ Stuart C. Gaul, Jr.*