IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:  U LOCK, INC.,           ) Civil 2:24-cv-00478-NBF
                                       )
                    Debtor.     )
—--------------------------------------   )
CHRISTINE BIROS,          )
                Appellee,    )
     v.                 )
SHANNI SNYDER,           )
              Appellant.    )

## MOTION FOR RECONSIDERATION (MOTION TO AMEND OR ALTER JUDGMENT) PURSUANT TO FED. R. CIV. PROC. 59(e)

Appellant Shanni Snyder, appearing pursuant to 28 USC 1654, moves this Court for reconsideration and to amend or alter the judgment pursuant to Fed. R. Civ. Proc. 59(e) or any other appropriate rule:

I. **BECAUSE CHRISTINE BIROS WITHDREW HER UNSECURED CLAIMS THAT THIS COURT FOUND PROVIDED HER STANDING, THIS COURT MUST GRANT RECONSIDERATION, VACATE THE DECISION BELOW, AND REMAND WITH DIRECTIONS TO DISMISS THE OBJECTIONS WITHOUT PREJUDICE AS MOOT.**

1.  This Court found in its analysis at page 10 of the Opinion that Christine Biros had constitutional standing to prosecute objections because her unsecured claims could be affected by Shanni Snyder's claim since allowance would reduce distribution to unsecured creditors. However, the Court does not appear to have analyzed the present status

of the case.  That is, Biros <u>withdrew</u> her unsecured claims mooting any possibility that Shanni Snyder's claim would decrease distribution to her.

2.  Specifically, on January 21, 2024, after Creditor George Snyder filed objections to the Biros claims, Biros specifically withdrew all of her unsecured claims.  *See* Exhibit A.  On February 9, 2024, the bankruptcy court allowed the withdrawal, but granted leave to refile the claims subject to objection only if the trustee located assets.  *See* Exhibit B.  On March 21, 2024, the bankruptcy court dismissed as moot George Snyder's objections to the unsecured claims filed by Biros.  *See* Exhibit C.[1]

3.  This Court must conduct its standing analysis based on the current status of the case, not the situation at the time Biros filed her objection.[2]

4.  The withdrawal of Biros' unsecured claims rendered her objections to Shanni Snyder's claim moot as she would suffer no injury in fact.  Once a case is rendered moot on appeal, courts customarily vacate the opinions and remand with direction to dismiss. *See United States v. Munsingwear, Inc.* , 340 U.S. 36, 39–40 (1950); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994) (describing *Munsingwear* as "[t]he leading case on vacatur" ); *Great W. Sugar Co. v. Nelson*, 442 U.S. 92,

---

[1] Biros does have an administrative claim; however, as administrative claims are paid before unsecured claims, Shanni Snyder's unsecured claim would not affect it.

[2] Biros appears to be continuing to press her objection to gain momentum in her civil suit she filed at 23cv297 (W.D.Pa.), which is an improper use of this procedure.

93 n.* (1979) (per curiam) ( "United States v. Munsingwear, Inc., is perhaps the leading case on the proper disposition of cases that become moot on appeal").

5. "One clear example where vacatur is in order is when mootness occurs through the unilateral action of the party who prevailed in the lower court." *Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018). This is what occurred in this case, Biros unilaterally withdrew her unsecured claims.

6. A "Case" or "Controversy" under Article III no longer exists when "the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

7. The case is instead moot and must be dismissed, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit." *Id.*

8. It is a basic principle of Article III that a justiciable case or controversy must remain extant <u>at all stages of review</u>, not merely at the time the complaint is filed *Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013). "[A]n actual controversy must exist not only at the time the complaint is filed, but through <u>all stages of the litigation</u>." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013)).

9.  This is because the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

10.  Because Biros unilaterally withdrew her unsecured claims rendering her Constitutional standing moot, and since the potential refiling if the trustee finds money is merely "speculative," this Court must vacate the bankruptcy court's decision granting Biros' objection to Shanni Snyder's unsecured claim as moot.

11.  Nothing for Biros will be "redressed by a favorable decision" as to Shanni Snyder's unsecured claim considering the appellee's unilateral withdrawal of all unsecured claims.

WHEREFORE, Appellant Shanni Snyder respectfully requests that this Court grant reconsideration of its Order of October 11, 2024, vacate

the underlying bankruptcy court Order sustaining Biros' objection as

moot and for lack of standing.

Respectfully submitted,

/s/ *Shanni Snyder*

_____

Shanni Snyder
14390 Route 30
Irwin PA 15642
shannis@pm.me

APPELLANT